CLUTE, Respondent, v. DES MOINES MUTUAL HAIL & CYCLONE INSURANCE ASSOCIATION et al, Appellants.

(170 N. W. 154).

(File No. 4398.    Opinion filed December 31, 1918.    Rehearing denied April 18, 1919.)

1.    **Evidence—Hail Insurance, Receipt of Notification of Loss, Burden of Proof, Unexcepted-to Instruction—Motion for Verdict, Same Question, Effect.**

In a suit to recover upon a hail insurance policy, trial court, in submitting the issue whether a letter of notification of loss mailed by insured was received by insurer, charged that burden was upon defendant to prove receipt of the letter. **Held,** such instruction was error, as burden was upon plaintiff to prove receipt of the letter. But, such instruction not having been excepted to, **held,** further, that by moving for directed verdict on ground that defendant had not received the letter, defendant presented a question for consideration of trial court, and by its exception to denial of the motion, it presented the same question for consideration on appeal.

2.    **Evidence—Hail Insurance—Earlier Notification of Loss, Evidence of Later Letter as "First Notice," Effect.**

Where, in a suit upon a hail insurance policy, upon issue whether the earlier of two letters of notification of loss had been received by defendant, evidence in one of defendant's depositions, was offered by plaintiff, that the "first notice" of loss defendant company received was by letter of later date, **held,** plaintiff was bound by such proof, which amounted to disproof of receipt by defendant of the former letter.

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by W. W. Clute, against the DesMoines Mutual Hail & Cyclone Insurance Association, impleaded with John D. Lynch, Trustee in Bankruptcy of the plaintiff, to recover upon a policy

of hail insurance. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Kirby, Kirby & Kirby,* for Appellant.

*G. M. Caster,* for Respondent.

GATES, J. The subject-matter of this cause was before us on a former appeal, where the present plaintiff had obtained judgment upon his counterclaim against the present defendant. Des Moines Mut. Hail & Cyclone Ins. Ass'n v. Clute, 35 S. D. 154, 151 N. W. 281. The present action was begun in June, 1915, upon a policy of insurance to recover damages to plaintiff's crops, caused by hail on July 9, 1909. The plaintiff testified that on that day he wrote a letter to defendant advising it of his loss; that such letter was addressed postpaid to defendant at its office in Des Moines, Iowa, with plaintiff's return card on the envelope; that he delivered it for mailing to one Pratt. Pratt testified that on that day he received from plaintiff a properly stamped and sealed envelope on which was a return card, and that on that day he deposited it in the post office at Wagner, S. D., but he did not remember the address on the envelope. On September 22, 1909, in reply to a letter threatening suit on his premium notes, plaintiff sent the following letter to defendant by registered mail:

"Wagner, S. D., Sept. 22, 1909.

"Kind Sir: As I was hailed out it is almost impossible to pay at once. I had 80 acres of wheat and barley in one field and 35 acres barley in another field, and it was a total loss, and I did not cut it then. I had 35 acres of oats that I cut and threshed, and it threshed out 8 bushels to the acre, which I consider a third of a crop of oats, as the oats turns out from 25 to 40 bushel per acre where it did not hail, and my corn was damaged, but I will let the corn go free if you will pay me the proper damages on the small grain. Now I have told you my circumstances and let me know at once please, as the fields are just as they were destroyed, you can see for yourself.

"Yours truly,      William W. Clute."

The president of defendant testified that his company never received the former letter, and that the only letter his company did receive from plaintiff was the one of September 22, 1909; that in the months of July and August, 1909, all of the mail of defendant was brought to his desk and by him personally opened;

and that he had also searched all the files in the office of defendant company.  The policy of insurance provided as follows:

"In case of loss to crops protected, the member shall notify the secretary in person or by registered letter, within three days from the date of loss, unless the member sustaining the loss be absent from home at the time loss occurs, but in no case will the Association be liable for said loss unless reported within five days from date of storm."

[1] The trial court submitted three special interrogatories to the jury.  The first was in substance whether plaintiff mailed the letter of July 9th, and was answered in the affirmative.  The next interrogatory was submitted under the following instruction:

"The next question is, if your answer to the last question is yes, did the defendant company ever receive that letter?  That should be answered by yes or no.  That would be an answer, if answered no, favorable to the defendant, and to so answer it, it would devolve upon the company to prove that fact by a preponderance of the evidence, as I have defined it."

This interrogatory was also answered in the affirmative.  The third interrogatory related to the amount of plaintiff's damage. Judgment was entered in plaintiff's favor, and, from the judgment and an order denying a new trial, defendant appeals.

The trial court clearly erred in giving the instruction above quoted.  The burden was upon plaintiff to prove the receipt of that letter by the defendant, but this instruction was not excepted to.

[2] However, by their motion for a directed verdict on the ground that the defendant had not received the letter of July 9th, the defendant's counsel presented a question for the consideration of the trial court, and by their exception to the denial of the motion they have presented the same question for our consideration.  Assuming, without deciding, that respondent might ignore the requirement that notice of loss be given in person or by registered mail, and that proof of the receipt of the letter of July 9th by the defendant would be sufficient to sustain a verdict for plaintiff, let us see what the proof was.  In addition to the proof of mailing above detailed, the record shows the following:

"Plaintiff thereupon offered in evidence the following from the deposition of O. G. Chesley, president of the defendant com-

pany: Q. What was the first notice received by the defendant company of alleged loss sustained by plaintiff during the year 1909? A. The first notice which the defendant company received of any loss sustained in the year 1909, by Mr. Clute, was a registered letter received by the defendant company dated at Wagner, S. D., September 22, 1909."

By offering in evidence that portion of the deposition of the president of defendant the plaintiff vouched for the truthfulness of this record evidence. Therefore at the time of the motion for a directed verdict the plaintiff had proved that the letter of July 9th had not been received by the defendant company, and such motion should have been granted.

The judgment and order appealed from are reversed.