CLUTE, Respondent v. DES MOINES MUTUAL HAIL & CYCLONE INSURANCE ASSOCIATION (LYNCH, Trustee, Impleaded) Appellant.

(171 N. W. 817).

(File No. 4398.   Opinion filed April 18, 1919.)

1. **Insurance—Fire Insurance—Notice of Loss, Evidence Re— Former Opinion Modified.**

This Court in its former opinion (41 S. D. 311, 170 N. W. 154), in commenting upon the effect of defendant's deposi-

tion offered by plaintiff, concerning notice of loss under fire policy in question, having, inadvertently misunderstood the purpose for which said evidence was introduced; therefore that portion of the former opinion following the quotation of said evidence, wherein the Court assumed that the letter of July 9 had not been received by defendant, is withdrawn.

**2.    Same—Proof of Loss, Receipt of by Unregistered Letter, Mailing, Inference From—Policy Construed—Directing Verdict.**

Under a fire insurance policy providing that in case of loss the insured "shall notify the secretary in person, or by registered letter," held, that the mere mailing of an unregistered letter does not carry the inference that proof of loss contained therein was received by addressee; that the requirement of notice by registered mail is reasonable and within competency of the contracting parties. Nor, in absence of such inference of fact, will it avail plaintiff to urge that if defendant did receive notice, its not being sent by registered mail was unimportant; since such construction would eliminate the provision for registered notice. **Held,** further, that trial court erred in denying defendant's motion for directed verdict.

On petition for rehearing. Former opinion modified.

*Kirby, Kirby & Kirby,* for Appellant.

*G. M. Caster,* for Respondent.

GATES, J.   [1] Application for rehearing. The former opinion appears in 170 N. W. 154. In the latter part of such opinion we quoted a portion of the record as it appeared in appellant's brief, overlooking the correction in respondent's brief which showed that such evidence was offered for a limited purpose, viz. to show the receipt of the letter of September 22, 1909, by the defendant company. Therefore the portion of the opinion following such quotation from the record is withdrawn.

At the conclusion of the submission of evidence the defendant moved for a directed verdict, among other grounds, for the reason that the policy required notice of loss to be given by registered mail within five days, and that such notice was not given, and that defendant had never received the letter of July 9th. Which motion was denied.

There remains, therefore, for consideration the policy requirement that in case of loss "the member shall notify the secretary in person or by registered letter." The question is: May the inference of receipt of proof of loss be invoked from the proof of

the mailing of the concededly unregistered letter of July 9, 1909, in the face of the above policy requirement?'

[2] We are of the opinion that the court erred in denying such motion. The provision in the policy requiring notice by registered mail is a reasonable provision, and one which it was competent for the parties to adopt. Its very purpose was to make sure that the company would receive the notice of loss and to do away with the temptation to commit perjury on the part of an insured, or on the part of the officers of the insurer. If the tables were turned and the defendant had attempted to give notice of cancellation of the policy by ordinary mail, we do not doubt that the company would be held strictly to its contract. So also should this plaintiff be held strictly to his contract. But the plaintiff argues that, if the defendant did receive notice, the fact that it was not sent by registered mail was unimportant, and then, to show that defendant did receive the notice, he invokes the inference of fact from the proof of mailing. Lawver v. Globe Mut. Ins. Co., 25 S. D. 549, 127 N. W. 615. Such argument is ingenious, but specious. It reads out of the above provision of the policy the words "by registered letter" and inserts in lieu thereof the words "by mail." We may admit that, if the policy were worded as so read, the contention of respondent would be sound, and we may also admit that, if there was proof of the actual receipt of the notice by the defendant, aside from the above inference from mailing, the fact of its being sent by ordinary mail would be immaterial.

The result arrived at in the former opinion is adhered to. The judgment and order appealed from are reversed. The petition for rehearing is denied.