JUDD *et al.* (NEVIN, Intervener) v. PATTON.

1. Under Comp. Laws, § 4939. authorizing the trial cour*t* within one year after notice to relieve a party from a judgment taken against him through his excusable neglect, a purchaser of an interest which is the subject of a pending suit cannot have the judgment obtained therein vacated on an application presented a year and a half after the judgment, where he fails to give a valid excuse for his delay in informing himself as to the result of the suit, and does not show when he obtained notice of the judgment.

2. A petitioner seeking to vacate a judgment must present an affidavit of merits.

(Opinion filed November 21, 1900.)

Appeal from circuit court, Custer county. Hon. LEVI McGEE, Judge.

Action by Sylvester Judd and another against Charles J. Patton. From an order vacating a judgment in favor of defendant, and permitting Nathan Nevin to intervene, defendant appeals. Reversed.

The facts are stated in the opinion.

*W. E. Benedict*, for appellant.

Judgments are just as conclusive upon privies to an action as upon the parties themselves. Spear v. Tidball, 58 N. W. 708; Sobey v. Belier, 28 Ia. 323; Cushing v. Edwards, 68 Ia. 145; Whitford v. Crooks, 54 Mich. 261.

Every person is a privy to a judgment, who has succeeded to an estate or interest therein held by one who was a party to the judgment. Cushing v. Edwards, 68 Ia. 145; Pray v. Hegeman, 98 N. Y. 351; Shattuck v. Boscow, 105 N. Y. 39; Tilton v. Coffield, 93 U. S. 163; Stout v. Lye, 103 U. S. 66; Eyster v. Goff, 91 U. S. 521; Greenwich v. Loomis, 2 Sandf. Ch. 70; Brightman, v. Brightman, 1 R. I. 112; Bush v. Knox, 2 Hun. 578; Snowman v. Harford, 57 Me, 400.

In order for a judgment to be opened and a party allowed to intervene upon the ground of inadvertence, mistake and excusable neglect, an affidavit of merits in those respects should be required. Sargent v. Kindred, 63 N. W. 151; Ganthier v. Rucicka, 53 N. W. 80; Kirchner v. Kirchner, 75 N. W. 252; Bunham v. Smith, 11 Wis. 258; 12 Enc. Law, 138; Pettigrew v. City, 60 N. W. 27.

*Ed. L. Grantham*, for respondent

CORSON, J. This is an appeal from an order vacating and setting aside a judgment so far as it affects the petitioner, and permitting him to intervene in the action. It appears from the affidavit, proposed complaint in intervention, and records upon which the order was made, that in 1891 the plaintiff Judd conveyed to defendant, Patton, a one-third interest in certain mining property, designated as the "Spokane Tin-Mining Property," and that in consideration thereof said Patton entered into an agreement by the terms of which he agreed to pay the said Judd the sum of $1,000 upon the sale of the said interest by him, if said sale should be made within three years from the date of the agreement, but, if said sale should not be made within said period, then said payment should be made at the end of the three years, and that said sum should constitute a lien upon the said interest of said Patton in said property. Some time prior to November, 1894, said Judd conveyed a three-fourths interest in said contract to his co-plaintiff, Horace Hickman, and on the latter-named date said Judd and Hickman commenced an action against the defendant to recover the said sum of $1,000, as agreed to be paid by said Patton. In July, 1895, while said action was still pending, the said Judd conveyed the other one-fourth interest to the petitioner, but no change was made in the parties to the action. In the fall of 1895 the case was referred to a referee, who filed his report in February, 1898, upon which judgment was entered dismissing the action. In July, 1899, the petitioner procured an order requiring said Patton to show cause why the judgment in the action should not be vacated and set aside, and he be allowed to intervene in the action. The court upon the hearing granted the order, and it is from this order the defendant has appealed.

It will be observed that the petitioner made his application to intervene about 1½ years after the judgment was entered. It is contended by appellant that the grounds upon which the application for intervention is based are not sufficient to justify the allowance of the intervention; that the action had already proceeded to judgment, and the application for intervention came too late; that the remedy, if any, can only be had by a bill in equity, and not by motion; that the alleged assignment from Judd to Nevin being made after the commencement of the action, and while the same was still pending, Nevin was bound by the judgment, and is charged with constructive notice of all proceedings therein; that the court was without jurisdiction to make said order; that no sufficient affidavit of merits was presented; that the application was not made within one year after the judgment was entered; that it does not appear that the intervening plaintiff did not have notice of the judgment until a year after its entry; and that, in effect, the application is one for a new trial, which is not within the jurisdiction of the court, upon the showing made in this case. The respondent, in support of the order made by the court below, insists that the same was made under the provisions of Section 4939, Comp. Laws, and that the making of the order to relieve the petitioner from his mistake, surprise, inadvertence, or excusable neglect was within the discretionary powers of the court, and that the exercise of such discretion will not be reviewed by this court unless there has been an abuse of that discretion. He further insists that the petitioner was clearly entitled to intervene after the assignment of the one-fourth interest in the claim to himself, and to protect his interests, under the provisions of Section 4886, Id., which provides that

any person may, before the trial, intervene in an action or pro-
ceeding, who has an interest in the matter in litigation, in the
success of either party, or an interest against both. He fur-
ther insists that the application was in time, as the judgment
was properly vacated and set aside under Section 4939, Id.,
which provides that the court may, in its discretion, at any
time within one year after notice thereof, relieve a party from
a judgment, order, or other proceeding taken against him
through his mistake, surprise, inadvertance, or excusable
neglect. We are inclined to the opinion that the appellant is
right in his contention, and that the learned circuit court erred
in vacating and setting aside the judgment, and permitting
Nevin to file a complaint in intervention.

William Nevin, in his affidavit, after stating that he was a
brother of the petitioner, and that he personally transacted
the negotiations and business connected with the assignment
to the said Nevin by the plaintiff Judd of a one-fourth interest
in the claim in controversy, says: "That, at the time of the said
transfer, affiant nor the said Nathan Nevin knew of the bring-
ing of any suit upon obligation of the defendant to the plain-
tiff, but the said transfer was *bona fide* and for a good and valu-
able consideration, and that the same was reduced to writing,
and such assignment filed for record in the office of the register
of deeds of Custer county * * * on the 3d day of July,
1895. That affiant at that time had no knowledge of the suit,
or any suit with reference to the matters here in controversy.
That not until a long time thereafter did affiant know of any
proceeding or action with reference thereto, but at a time long
after such assignment affiant was informed that H. E. Hick-
man had brought a suit to foreclose his interest in said lien,

but affiant did not know at any time that said suit in any manner affected the claim or lien of Nathan Nevin. Affiant presumed that the trial and judgment in that suit would determine the matter as a matter of precedent only, and had no notice or knowledge that the judgment in that case would affect or operate as a bar to the right of the said Nathan Nevin to bring and maintain a suit upon his interest in said claim of lien and obligation of the defendant." He further says that neither he nor said Nathan Nevin ever sanctioned the said suit, or authorized the attorneys therein, or either of them, to represent said Nathan Nevin in said suit. He further says that he had made inquiry, and that, to his best information, said Judd failed to appear at the trial, and failed to testify therein, and that consequently plaintiffs were beaten in said action. He further says that he is informed and believes that the plaintiff Judd will testify that there was no part of this obligation paid, and that all conditions incumbent upon him to be performed under his said contract were performed by him, or their performance excused.

It will be observed that Nevin admits that he knew that said Hickman had a suit pending for a three-fourths interest in this claim, but it seems he failed to make any inquiry of Hickman or of his attorneys as to what proceedings were being taken in the same, and that he has had no conversation with Hickman or with said Judd, or with any of the attorneys, since the trial; and he gives no reason why the affidavits of Judd, Hickman, or either of their attorneys, are not presented on this hearing. It will be further observed that he fails to fix any time when he learned of the pendency of the suit, or of the judgment obtained therein. It will be also observed that

he states that he has been informed and believes that Judd was not present at the trial, and will now testify to facts beneficial to the petitioner. From whom he obtained this information, or when and where, does not appear. For aught of anything disclosed in the affidavit, the case may have been prosecuted vigorously by Hickman and the attorneys employed by him and Judd. It will thus be seen that the · petitioner shows no accident, surprise, mistake, inadvertence, or excusable neglect on his part, even if he brought himself within the time, and was a proper party to make application, under Section 4939, Comp. Laws. That there was neglect on the part of William Nevin in acting for his brother is very apparent, but the facts show that it falls far short of excusable neglect. This court has held in several cases that where a judgment has been obtained against a party through his mistake, surprise, inadvertence, or excusable neglect, and he promptly ap plies to the court for relief, the court should be liberal in granting such relief. Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955; Farrar v. Mining Co., 12 S. D. 237, 80 N. W. 1079; G. S. Congdon Hardware Co. v. Consolidated Apex Min. Co., 11 S. D. 376, 77 N. W. 1022. But one of the essential requirements in such an application is that the party act promptly in making his application. In the case at bar it appears that the case was commenced in 1894, and was pending until February, 1898, when the report of the referee was filed and a judgment entered, and it was nearly $1\frac{1}{2}$ years after the entry of judgment before this application was made; and no valid excuse has been given for this long delay on the part of the petitioner for not informing himself as to the result of the Hickman suit.

It is claimed on the part of the appellant, and virtually conceded by the respondent, that the petitioner having purchas-

ed a one-fourth interest in this claim pending the litigation is concluded by the judgment. We shall therefore assume, without deciding, that such is the case. It seems to be a well-settled rule that one who buys an interest in the subject of litigation pending such litigation, and is concluded by the judgment, has, in contemplation of law, notice of the proceedings. This rule sometimes produces hardship, but it is necessary for the protection of parties to the litigation, and the reason for the rule has been well stated by the supreme court of Maine in Snowman v. Harford, 57 Me. 400. In that case the court says: "Although the rule may sometimes operate to the prejudice of an innocent purchaser without notice, it is firmly adhered to, and it is based upon strong grounds of public policy and general equity; for, but for its adoption, the whole object of an expensive litigation might be defeated by alienation while it was pending, and there would be no end to litigation." No affidavit of merits was presented by the petitioner. It is true, a proposed answer was offered upon the hearing, but that cannot take the place of an affidavit of merits. That is essential, in order to authorize the court to vacate and set aside the judgment and permit the parties to plead. It not affirmatively appearing that the petitioner made his application within a year after the entry of judgment, it was not made in time. Yerkes v. McHenry, 6 Dak. 5, 50 N. W. 485. It does not affirmatively appear in this case when the petitioner had knowledge or notice of the entry of judgment, and, as the burden is upon the petitioner to show that fact affirmatively, neither the trial court nor this court is authorized to presume that he did not have notice within the year. A formal written notice of the entry of judgment is not requisite, under Section 4939, Comp. Laws,

even as to a party to the action. Whether or not petitioner, not being technically a party to the action, can make an application to vacate the judgment, it is not necessary now to decide. The order of the circuit court is reversed, and the case is remanded, with instructions to reinstate the former judgment entered herein, and to strike out the complaint in intervention.