DES MOINES MUTUAL HAIL AND CYCLONE INSURANCE ASSOCIATION, Appellant, v. CLUTE (Lynch, Intervenor), Respondents.

(151 N. W. 281.)

(File No. 3597.    Opinion filed March 8, 1915.)

1. **Judgments—Judgment on Counterclaim—Interpleader, Want of.**
     Where the record fails to show any pleadings in intervention, but does show that before submission of the cause to a jury

the intervening defendant withdrew his petition, **held,** that judgment in his favor upon the counterclaim was without support.

2.  **Judgments—Opening Default—Unjustified Delay.—Judicial Discretion, Not Arbitrary—Statute.**

Where, after defendant appeared in a suit and demanded copy of complaint, which was duly served on him, and then did nothing for about six months, when he sent an answer and counterclaim to plaintiff's attorney, which was returned as served too late, after which plaintiff did nothing for about ten months, when he moved to vacate the default and for leave to answer, none of the affidavits supporting the motions showing any excuse for defendant's delays, **held,** that the order of the trial court in relieving from said defaults was an abuse of judicial discretion vested in trial court by Code Civ. Proc., Sec. 151, authorizing the court to allow pleadings to be filed after the statutory time has elapsed; since exercise of such discretion may not be arbitrary, and must be based upon reasons.

3.  **Judgments—Vacating Default—Affidavit of Merits—Counsel's Advise on Facts Shown, Necessity For—Court Rules.**

Where the affidavit made by defendant's attorney, in support of a motion to vacate the default and for leave to answer, merely stated that affiant "believes defendant has a good and meritorious defense to plaintiff's cause of action on the merits, * * * and a just and legal counterclaim," **held,** it was not in compliance with the Circuit Court rules 10 and 11 (22 S. D. 7), requiring an affidavit of merits and defense in support of such a motion, and that the party himself executed it, swearing that he has stated his case to counsel, and is advised he has a good defense on the merits; since, though necessity may require the attorney to execute the affidavit, it must affirmatively appear that he is acquainted with the facts relied upon as defense; and good practice would dictate that sufficient reason be shown why defendant himself could not make the affidavit.

Appeal from Circuit Court, Charles Mix County.    Hon. Robert B. Tripp, Judge.

Action by the Des Moines Mutual Hail & Cyclone Insurance Association against W. W. Clute, J. D. Lynch intervening. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Reversed.

*Joe Kirby,* for Appellant.

(2) Under point two of the opinion, Appellant cited: Code Civ. Proc., Sec. 151; Circuit Court Rules, 10, 11; Searles v.

Lawrence, 8 S. D. 11; Judd v. Patton, 13 S. D. 648-55.

Respondent submitted no brief.

GATES, J.   In January, 1911, the plaintiff began this action by the service of summons upon the defendant Clute to recover the amount of certain premiums upon a policy of hail insurance. The defendant appeared and demanded a copy of the complaint, which was served uopn him on February 28, 1911.   In August, 1911, defendant's attorney prepared an answer and counterclaim and sent the same to plaintiff's attorney, which was returned on August 22, 1911; because served too late.   Nothing further was done by defendant until June 24, 1912, when his attorney prepared an affidavit and motion to vacate the default and for leave to answer, and served the same, together with a copy of his proposed answer, upon plaintiff on June 29, 1912.   The motion was heard by the court in October, 1912, at which time a supplemental affidavit by defendant's attorney was filed.   Neither of these affidavits purported to show any excuse for that part of the delay which occurred subsequent to August 22, 1911; nor did either affidavit comply with circuit court rules 10 and 11 (see prefix to 22 S. D. 7), which require an affidavit of merits.   Notwithstanding such lack, the trial court, over plaintiff's objection, permitted the filing of the answer and counterclaim.   The cause went to trial, which resulted in a judgment against plaintiff in the sum of $971.44; one half of which was directed to be paid to defendant Clute, and the other half of which was directed to be paid to John D. Lynch, as trustee in bankruptcy of the defendant Clute.   The twelfth finding of fact recited:

"That on or about the 13th day of February, 1913, the court, without objection on the part of plaintiff, on application of the said John D. Lynch, wherein the said John D. Lynch represented to the court that he had an interest in the matter in litigation as against the plaintiff and as trustee of Clute's estate, made an order allowing the said John D. Lynch to intervene in said action as a codefendant with the said W. W. Clute."

[1] There is nothing in the record to support that finding, but, even if the trial court allowed said trustee to intervene in this action, the trustee did not avail himself of such permission, because the record is silent as to any pleading in intervention or any answer thereto.   Not only does the record fail to show any

pleadings in intervention, but the record does show that, prior to the submission of the cause to the jury, the trustee in bankruptcy withdrew his petition in intervention. How, in such case, the court could proceed to allow judgment in behalf of the trustee for one-half of the total recovery we are at a loss to understand.

The plaintiff has appealed from the judgment and from the order denying a new trial.

[2] The granting of the order of the court on October 12, 1912, vacating the default and permitting defendant Clute to answer, was an abuse of the judicial discretion vested in the trial court by section 151, C. C. P. Defendant's attorney knew, as early as August 22, 1911, that plaintiff's attorney insisted that defendant was in default, yet he took no step to be relieved therefrom until June 24, 1912, and even then he did not attempt to excuse his delay. The discretion vested in the court to grant relief in such case is a judicial discretion, not an arbitrary one, and some reason should have been given to excuse the delay in order to authorize the order of court. Hayne on New Trial and App. (Rev. Ed.) § 310.

[3] The only attempt made by defendant's attorney to comply with circuit court rules 10 and 11, which require an affidavit of merits, was contained in the following language:

"That affiant believes, after a full investigation of all the facts connected with said action, that the defendant has a good and meritorious defense to the plaintiff's cause of action on the merits, and that he has a true, just, and legal counterclaim against the plaintiff, as set out in the answer, a copy of which is hereto attached."

These rules contemplate that the defendant shall make the affidavit; that he shall swear that he has fully and fairly stated his case to his counsel; and that he is advised by such counsel after such statement, and verily believes, that he has a good and substantial defense to the action on the merits. We do not say that there may not be circumstances in which the affidavit might properly be made by an agent or attorney of the party, but we do hold that, when the affidavit is so made, it shall affirmatively appear that the attorney is acquainted with the facts relied upon as a defense. Pettigrew v. Sioux Falls, 5 S. D. 646, 60 N. W. 27; Hayne on New Trial and App. (Rev. Ed.) 310. In case the

affidavit is not made by the party, good practice would dictate that a sufficient reason be shown to excuse the making of the affidavit by the party. In this case there is no showing that the defendant or any . one for him has fully and fairly stated the facts to the attorney, nor was there any claim in the affidavit that the attorney knew all the facts relied upon as a defense.

For the want of an affidavit of merits, and for the want of any showing of excuse for the delay from August 22, 1911, to June 24, 1912, in applying for leave to have the default vacated and to answer, we must set aside the order of October 12, 1912, and all proceedings thereafter had in said cause.

Inasmuch as the alleged errors occurring at the trial may never again arise, we do not deem it necessary to discuss or consider them.

The judgment and order appealed from are reversed.