CHAMBERLAIN SANITARIUM AND BENEVOLENT ASSOCIATION OF SEVENTH DAY ADVENTISTS, Respondent, v. AMERICAN RAILWAY EXPRESS COMPANY, Appellant.

(181 N. W. 841.)

(File No. 4733.    Opinion filed March 10, 1921.    Rehearing denied May 11, 1921.)

1.  **Appeals—Dismissal of Appeal—Terms on Denial of Leave to Answer, As "Condition Precedent to Taking Further Step," Non-Payment of Terms, Non-dismissal of Appeal For—Nonapplicable Statute.**

    Where an order denying leave to answer provided that payment of terms should be "a condition precedent to taking of any further step in the case by defendant," the appeal from the order will not be dismissed for non-payment of such terms; since the statute (Sec. 2594, Code 1919,) providing that upon denial of motion judge may in discretion impose reasonable, costs upon moving party and the payment thereof may be made a condition precedent to further prosecution or defense, was not intended to apply to proceedings for appeal.

2.  **Pleadings—Time to Answer, Extending, As Within Judicial Discretion—Clear Abuse Necessary Re Error**

    The granting of extension of time to answer is largely within trial court's discretion, and such action will not be reversed save for clear abuse of discretion; each case depending on its peculiar facts.

3.  **Same—Affidavit of Merits and Proposed Pleading Necessary on Application—Court Rule.**

    While in many states applications for leave to answer are ex parte and with or without affidavits of merits and copies of proposed pleadings, in others a verified pleading is treated as such affidavit; while in this state both such affidavit and a proposed pleading must be presented on the application (Trial Court Rule No. 10, 40 S. D., Preliminary Page XX.)

**4.    Judgments—Setting Aside Default, Excusable Neglect—Non-resident Corporation Defendant, Service on Secretary of State, Law Office Clerk's Investigation For Local Counsel, Further Information by Latter, Whether Due Diligence—Judgment Vacatable—Proposed Pleading Liberally Construed—Abuse of of Discretion.**

A non-resident corporation, having been served with summons by service on Secretary of State, and having through its local attorney taken steps, through their office clerk, to communicate with a lawyer in the county of the venue, but who had removed to another county and did not receive the letter which was returned to writers, whereupon the clerk wired for name of law firm in county of venue, subsequently writing them directing them to appear for defendant and to obtain adverse counsel's consent to their answering after statutory period had expired, otherwise to apply to court for leave; such counsel having vainly endeavored to procure such consent, thereupon communicated with the foreign counsel and obtained their clerk's affidavit showing the steps thus far taken by him and said firm, to which affidavit counsel of the venue supplemented another by a member of their firm, upon which and a proposed verified answer defendant's counsel, about twenty-two days after statutory period had expired, procured an order to show cause why an order should not be made setting aside the judgment, which order was returnable five days thereafter. Held, that, considering distance from South Dakota to New York City, the place of residence of defendant's foreign counsel, and all other circumstances involved, neither defendant nor its counsel was guilty of neglect, but were very prompt and diligent in seeking relief, and the order asked for should have been granted as a matter of course, unless defendant's showing of merits was entirely insufficient; and, in view of defendant's prompt diligence, trial court should have construed most liberally the showing made. Its refusal to set aside the default was abuse of discretion.

**5.    Same—Counsel's Refusal to Accept Delayed Answer, Ex Parte Proceedings For Referee Re Damages, Judgment Thereon Pending Order Re Relieving Default, Futility of Judgment.**

Where, two days after plaintiff's counsel refused to accept service of a delayed answer, they procured, upon affidavit of default, appointment of a referee to take evidence re damages, and trial court 3-2 days after time for answering expired entered judgment for plaintiff on referee's report and while an order to show cause why defendant should not be permitted to answer was pending, held, that defendant's application for leave to answer should be considered as though judgment had not been entered.

**6. Same—Relieving Default—Attorney's Affidavit Re Diligence and Merits Based on Foreign Attorney's Statement—Denial of Complaint Averments Re Assignment of Carriers' Obligations to Defend, Averment Re Statute of Limitations, Sufficiency Re Default, Defense.**

Where counsel's showing on application for leave to answer was based upon information from defendant's foreign counsel, the affidavit stating in effect that the facts constituting the defense had been fully stated to affiants by said foreign counsel and that "affiant believes that the contentions of defendant in their said case * * * is a good, reasonable and valid defense, which should properly be contested in the courts," and a letter addressed to said affiant by the law clerk of the foreign counsel which set forth facts embodied in the clerk's affidavit, and plead in proposed answer, presented two meritorious defenses, one a denial of plaintiff's averment that defendant (sued for damages in the value of certain property alleged to have been consigned for shipment to defendant's predecessor express carrier and by it converted to its own use) has succeeded to all obligations of its predecessor carrier, the other alleging that the shipping contract between plaintiff and said predecessor carrier complied with federal statute under which it was "agreed that said express company should not be liable in any suit to recover for the loss * * * of said property" unless same were instituted within two years after reasonable time for delivery has elapsed, and alleging the action was not brought within such time; held, in the light of all said facts, trial court abused its discretion in refusing defendant's application for leave to answer.

Appeal from Circuit Court, Brule County. HON. FRANK B. SMITH, Judge.

Action by Chamberlain Sanitarium and Benevolent Association of Seventh Day Adventists, a corporation, against the American Railway Express Company, a corporation, to recover the value of property alleged to have been consigned for shipment to defendants predecessor, and by it converted to its own use. From an order denying an application for leave to answer in the action, defendant appeals. Reversed, with directions.

*Bartine & Bartine,* for Appellant.

*Brown & Brown,* for Respondent.

(1) To point one of the opinion, Respondent cited: 3 C. J. 1102, Sec. 1133; Winn v. Sanborn. 10 S. D. 642.

WHITING, J. - This action was brought to recover from

defendant the value of certain property which it was alleged had been consigned for shipment to defendant's predecessor, Wells Fargo & Co., and by it converted to its own use.    Plaintiff alleged that defendant had succeeded to all obligations of .Wells Fargo & Co.    Defendant, having failed to answer within the statutory period for answering, applied for leave to answer. This application was brought on for hearing upon an order to show cause, and was denied.    The order of denial imposed terms, and provided that payment thereof should be "a condition precedent to the taking of any further step in the case by the defendant."    From this order this appeal was taken.

[1] Respondent, assuming that payment of the above-mentioned terms was a condition precedent to the right of appellant to prosecute this appeal, moved this court for a dismissal of the appeal because such terms had not been paid.    This court denies such motion.    The statute which authorizes a court to impose terms when denying a motion (section 2594, R. C. 1919) was never intended to apply to proceeding for appeal.    Certainly no Legislature would authorize a court to make an order for payment of terms and make the payment of such terms a condition precedent to taking an appeal from such order.    We do not believe the trial court ever intended that compliance with such terms should be a condition precedent to an appeal.

[2, 3] We recognize that the granting of an extension of time to answer is a matter largely within the discretion of the trial court, and that the action of such court should not be reversed except where there has been a clear abuse of discretion. Each case presented must be determined upon its own peculiar facts.    In many states such applications are purely ex parte; in some states they are presented upon affidavits of merits without copies of proposed pleadings; in others, though affidavits of merits are required, the courts hold that a properly verified pleading will be deemed and treated as an affidavit of merits; while in others, as in this state, both an affidavit of merits and the proposed pleading must be presented on such application.    Trial Court rule No. 10, 40 S. D. preliminary page 20.

In 2 Waite's Practice, p. 413, the rule is announced that:

"Where the defendant shows, upon the application, that he

has a reasonable excuse for not having answered within the proper time, the order will be granted almost of course."

This court has, in numerous cases, held that when a judgment "has been obtained against a party through his mistake, surprise, inadvertence, or excusable neglect, and he promptly applies to the court for relief, the court should be liberal in granting such relief." Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761; Judd v. Patton, 13 S. D. 648, 84 N. W. 199.

[4]    Having in view the above rules, let us note the facts of this case. Defendant being a nonresident corporation, the summons and complaint were served on defendant by being served on the Secretary of State. Such service was made February 18, 1920. Defendant referred such summons and complaint to its local counsel in New York City, Messrs. Stockton & Stockton. A clerk in the office of said counsel attempted to ascertain the name of some lawyer in South Dakota to whom the defense of this case might be intrusted, and, upon examination of a legal directory, he, either through his own error or an error in said directory, arrived at the conclusion that one A. B. Carlson was an attorney residing at Chamberlain, the county seat of the county in which this action was brought. This court, taking notice of the residence of the members of its bar, knows that the said Carlson is and has been for years a resident of and practicing law at Canton, S. D., a place far removed from Chamberlain. Such clerk, on the 4th day of March, wrote a letter to said Carlson, addressing the same to Chamberlain and inclosing instructions to him to appear for defendant, and advising him fully as to the matters to plead in defense. This letter, being uncalled for was returned to the writers on or about March 25th, it appearing from the envelope that it was at Chamberlain as late as March 20th. Such clerk immediately wired to South Dakota to obtain the name of some attorney to whom defendant might intrust the defense of this case. He procured the name of the firm now appearing for defendant. Such clerk, on March 26th, wrote to such firm, directing them to appear in this action, to obtain the consent of adverse counsel to their answering after the statutory period (which had then expired), and directing them, if they could not get the consent of such counsel, to apply to the court for leave to file an answer.

Counsel for defendant reside at Oacoma. They immediately wrote counsel for plaintiff, asking if they would accept service of answer at that time. Such counsel declined to accept such service. This was on March 31st, only 12 days after the expiration of the statutory period for answering. In order for defendant's counsel to present the necessary showing on an application for leave to answer, they had to procure further information, through Stockton & Stockton. Defendant's counsel procured the affidavit of the above-mentioned clerk, and attached to and forming a part of such affidavit was the letter which such clerk had addressed to said Carlson and the envelope in which such letter had been forwarded and returned. This letter contained advice as to the facts upon which defendant relied for its defense. The clerk's affidavit was dated April 3rd. On April 10th, one of defendant's South Dakota attorneys made an affidavit which referred to the affidavit which he had received from the Eastern counsel. Upon these two affidavits and a proposed verified answer, defendant's counsel asked for and procured an order to show cause requiring plaintiff to show cause why "an order should not be made * * * setting aside the judgment if same has been entered, and allowing defendant to serve answer and defend this action upon the merits." This order was dated April 15th, returnable April 24th, and was served on April 20th. The above facts, when considered in connection with the distance from South Dakota to New York, and the several places of residence of counsel for the parties and of the trial judge, disclose that neither defendant nor its counsel has been guilty of the slightest neglect; that the failure to answer in time is absolutely excusable; and that defendant, through its attorneys, was very prompt and diligent in seeking relief. It follows that the order asked for should have been granted practically as a matter of course, unless defendant's showing of merits as disclosed by the affidavits and proposed answer was entirely insufficient; and, in view of defendant's promptness and diligence, the trial court should have construed most liberally the showing made by defendant.

[5] Before considering the showing of merits we would call attention to certain facts appearing of record. Two days after counsel for plaintiff refused to accept service of an answer herein, such counsel presented to the trial court an affidavit of default,

39—Vol. 43, S. D.

and asked for the appointment of a referee to take the evidence as to damages claimed by plaintiff. Such a referee was appointed and made report, and on April 20th, while the order to show cause was pending, and prior to the return day thereof, the trial court entered judgment in favor of plaintiff. It is clear that defendant's appplication for leave to answer should be considered exactly as though such judgment had not been entered.

[6] From the showing made on the application for leave to answer it did not appear that defendant's counsel had ever received any statement of facts direct from defendant, but that its information all came from the offices of Stockton & Stockton. Counsel's affidavit stated that:

"The facts constituting the defendant's defense had been fully and fairly stated to affiant by defendants through their attorneys, Stockton & Stockton, and that this affiant believes that the contentions of the defendant in their said case in which they answer is a good, reasonable, and valid defense, and one which should properly be contested in the courts."

The letter addressed to Carlson, and which formed part of the clerk's affidavit, set forth the claimed facts, and are the same matters that are pleaded in the proposed answer, and which present two defenses, both meritorious, if true; one being a direct denial of the allegation in the complaint that defendant "has succeeded to all * * * obligations of the said Wells, Fargo & Co."; the other alleging that the contract of shipment entered into by plaintiff and Wells Fargo & Company complied with the federal statute then in force and under such contract it was "agreed that said express company should not be liable in any suit to recover for the loss * * * of said property unless the same should be instituted within two years * * * after a reasonable time for delivery has elapsed," and alleging that this action had not been brought within such time.

In the light of all the facts before it, the trial court abused its discretion when it refused defendant's application. The order appealed from is reversed, and the trial court directed to enter an order vacating the judgment entered by such court, and allowing defendant to serve and file the proposed answer.