BYRUM, Plaintiff, v. SMITH, Circuit Judge of the Fourth Judicial Circuit, Defendant

(208 N. W. 828.)

(File No. 6228.    Opinion filed May 18, 1926.)

1. **Appeal and Error—Terms—Trial Judge May Not Exercise Discretion in Fixing Terms as Condition for Vacating Default Judgment Ordered Vacated by Supreme Court, Without Mentioning Terms on Appeal From His Refusal to Vacate (Rev. Code 1919, §2378).**

Trial judge may not exercise discretion in fixing terms as condition for vacating default judgment ordered vacated by Supreme Court, without mentioning terms on appeal from his refusal to vacate, since right to terms was originally within his discretion, under Rev. Code 1919, § 2378, and therefore was issue on appeal and adjudicated by Supreme Court's decision.

2. **Appeal and Error.**

Denial of petition for rehearing on "merits" determines all issues.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1194(2), 4 C. J. Sec. 3271; (2) Appeal and error, Key-No. 833(5), 4 C. J. Sec. 2527.

Mandamus by Alvie E. Byrum against Frank B. Smith, Circuit Judge of the Fourth Judicial Circuit in and for Aurora County. Peremptory writ allowed.

*McNamee, O'Keeffe & Stephens,* of Pierre, for Plaintiff.

BURCH, C. On the 23d of January, 1926, this court rendered its decision in the case of War Finance Corporation v. Byrum, reported in 49 S. D. 208, 206 N.W. 1005. On March 6th a remittitur was sent to and filed with the clerk of courts of Aurora county, directing the circuit court of said county to vacate the judgment against the garnishee (plaintiff in this proceeding) and permit him to answer and defend in the garnishment proceed-

ings against him.  On the 13th of March the attorneys for plaintiff presented to Hon. Frank B. Smith, one of the judges of the circuit court of Aurora county, a judgment in accordance with the decision of this court, which the judge refused to sign, except upon condition that plaintiff pay $100 terms.  This matter is before us upon an alternative writ of mandamus issued by this court and return thereto.

[1]  The only question is the right of a circuit judge to exercise his discretion in fixing terms as a condition for vacating a default judgment, where he had first refused to vacate the judgment and on appeal his action had been reversed and the judgment ordered vacated by the appellate court without mention of terms.  In the case of Dixon v. Risley, 114 Cal. 204, 46 P. 5, where the lower court had refused to allow amendments to a complaint allowed by the Supreme Court except upon payment of terms, the California court said:

"It is not the province of that court to affix conditions to the exercise of privileges granted by this, unless, as is sometimes done, this court directs that the amendment may be made on terms to be fixed by the trial court. * * * If the judge could impose conditions upon the exercise of rights granted by this court, a litigant could in some cases be deprived of the benefit of a judgment in his favor here."

[2]  In this case a ready test of the powers of the circuit court is an application of the principles of res judicata.  When the application to vacate the judgment came before the circuit court in the first instance that court had power, under Rev. Code, § 2378, "in its discretion, and upon such terms as may be just," to vacate the judgment.  It exercised its discretion and refused to vacate the judgment.  It might have imposed terms as a condition to vacating the judgment, or it might have vacated the judgment without terms, if justice required.  On appeal this court acquired jurisdiction over the same issues.  Its decision adjudicated all issues before it.  Having decided that the judgment should be vacated without mentioning terms, the right to terms was adjudicated against respondent as fully as if mentioned, because one of the issues involved in reaching the decision. In the motion for rehearing in this court terms were sought and denied.  The learned trial judge in his return says:

"It appeared to me that the Supreme Court, in denying the petition for rehearing, did so upon its merits and did not intend to pass on the question of whether terms or costs should be imposed upon the Garnishee Defendant, otherwise I thought there would have been some expression regarding the same."

The denial was upon the merits, but, as above noted, the merits included all issues.

The peremptory writ of mandamus is allowed.

No costs will be taxed.

POLLEY, J., disqualified and not sitting.