CONNELLY et al, Respondents, v. FRANKLIN et al, Appellants.

### (210 N. W. 735.)

(File No. 5726.   Opinion filed November 20, 1926.)

1.  **Appeal and Error.**

On appeal from an order refusing to vacate default judgment, where affidavit and proposed answer showed prima facie defense, further proof or rebuttal of such defense will not be considered.

2.  **Judgment.**

Under Rev. Code 1919, § 2378, party moving for vacation of default judgment must show mistake, inadvertence, surprise,

or excusable neglect, must have applied promptly for relief, and must, by affidavit of merits, show prima facie defense.

**3.   Judgment.**

Under Rev. Code 1919, § 2378, party applying for vacation of default judgment has burden of proving that he has acted promptly.

**4.   Appeal and Error—Judgment.**

Application, under Rev. Code 1919, § 2378, for vacation of default judgment is addressed to sound discretion of trial court, whose action will not be reversed except for abuse of discretion.

**5.   Judgment.**

Denial of application, under Rev. Code 1919, § 2378, for vacation of default judgment held not. abuse of discretion, in view of doubtful character of excuse for default and unexplained delay in seeking relief.

---

Note.—See, Headnote **(1)**, American Key-Numbered Digest, Appeal and error, Key-No. 891, 4 C. J. Sec. 2644 (Anno.); **(2)** Judgment, Key-No. 138(1), 34 C. J. Secs. 515, 553, 677 (Anno.); **(3)** Judgments, Key-No. 162(2), 34 C. J. Sec. 677 (Anno.); **(4)** Appeal and error, Key-No. 957(1), 4 C. J. Sec. 2825, Judgment, Key-No. 139, 34 C. J. Sec. 677; **(5)** Judgment, Key-No 138(1), 34 C. J. Sec. **677** (Anno.).

Appeal from Circuit Court, Pennington County; HON. WALTER G. MISER, Judge.

Action by M. F. Connelly and another against R. P. Franklin and another, wherein plaintiffs took default judgment. From an order refusing to vacate such judgment, defendants appeal. Affirmed.

*Bangs & Wood* and *Turner M. Rudesill,* all of Rapid City, for Appellant Patterson.

*Williams & Sweet,* of Rapid City, for Respondents.

MORIARTY, C.   [1]   This appeal is from an order refusing to vacate a default judgment. Much of the space in the briefs of counsel is occupied in setting out affidavits dealing with matters that would properly be considered on the trial of the case if the judgment were vacated and appellant allowed to answer. The application was accompanied by an affidavit of merits and by a proposed answer that presents a defense prima facie valid. This being true, affidavits as to the facts put at issue by the complaint

33—Vol. 50, S. D.

and this proposed answer are not material to the question of the propriety of vacating the judgment. It is not intended that there should be a trial of the issues in these proceedings.

. If the affidavit of merits and proposed answer show a prima facie defense there is no necessity of considering proofs of such defense or rebuttals of such proofs. Therefore, in the instant case we will consider only such showings as deal with the excuses for the default and the degree of diligence used by the appellant in seeking the relief he asks for.

The default judgment was entered in an action in which appellant and one Franklin were joined as defendants. The facts pleaded in the complaint and set forth in the findings of the court in said action are as follows:

Prior to June 26, 1922, one R. P. Franklin was the owner of certain lands in Pennington county. On said date a mortgage covering said lands was foreclosed by a sale thereof. As a result of such sale the sheriff issued a certificate setting forth that appellant was the purchaser at said sale for a price sufficient to pay the amount due on the mortgage and costs of sale. Prior to said mortgage sale, and at the date thereof, respondent held a judgment against Franklin, which judgment was a lien upon the mortgaged land, but junior to the lien of the mortgage. Appellant was Franklin's father-in-law, and respondents alleged that appellant was in collusion with Franklin to allow the purchase at the mortgage sale to be made in appellant's name for the purpose of defeating respondents' judgment lien, but that the purchase was made with Franklin's money and for his benefit, he being the real purchaser and appellant holding the sale certificate for said Franklin's use and benefit.

On December 20, 1922, the summons and complaint in said action were served upon appellant at Denver, Colo., and on January 22, 1923, they were served on Franklin in Pennington county. Appellant made no appearance in the action, and on January 27, 1923, respondents presented their proofs to the court, and the judge of the trial court signed findings, conclusions, and decree sustaining the allegations of the complaint and adjudging Franklin to have been the real purchaser at the mortgage sale, and that the certificate of sale issued to the appellant was fraudulent and void

as against respondents. This decree was entered on January 29, 1923. Franklin answered within 30 days after the service on him, but no trial has been had upon the issues raised by his answer.

No action was taken as to the judgment against appellant until January 29, 1924, when the motion to vacate said judgment was presented to the trial court and an order to show cause issued thereon. The motion was supported by the affidavit of R. P. Franklin and by a proposed answer of appellant, verified by Mr. Bangs, one of the attorneys appearing for the moving party. Appellant himself made no showing on his own behalf until March 6, 1924, when he swore to an affidavit intended to rebut some of the statements contained in affidavits presented in opposition to the motion.

Analysis of the affidavits of Franklin and appellant will show that the only excuse for appellant's nonappearance is that when he was served with the summons and complaint he noticed what the nature of the action was, and that Franklin was named as a codefendant, and that he assumed that Franklin would be served at once and would do what was necessary in the matter of retaining counsel and answering. In neither of these affidavits is there any showing as to when appellant was actually informed of the entry of the judgment against him, or as to any reason why action in the matter was so long delayed.

[2] The law of this state in matters of this kind was clearly stated in the decision in Griswold Linseed Co. v. Lee, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761. This decision enumerates three essentials of securing the relief provided for in section 151, Rev. Code Civ. Proc., now section 2378, R. C., the said essentials being as follows: The moving party must show mistake, inadvertence, suprise, or excusable neglect as an excuse for his failure to appear, he must apply promptly for relief, and must show by his affidavit of merits that, prima facie, he has a defense.

[3] As to the requirement of acting promptly this court has said one of the essential requirements is that the party should act promptly in making such application. The burden is upon applicant to show when he received notice of the entry of judgment, Judd v. Patton, 13 S. D. 648, 84 N. W. 199.

In the case of T. W. Child Co. v. Fuller & Johnson Mfg. Co., 32 S. D. 10, 141 N. W. 988, this court said:

"While it is true that under section 151 a court may consider, and in a proper case, grant relief where application is made within one year after the applicant has received notice of the judgment from which he seeks relief, yet that does not relieve the applicant from the duty of proceeding with diligence and within less than the year's time if within his power so to do."

In the instant case appellant made no showing whatever of diligence or reasonable promptness on his part.

[4] Applications of this class are addressed to the sound discretion of the trial court, and acts of those courts should be affirmed where discretion has been exercised and this court is unable to say that there has been an abuse of such discretion. Section 2378 Revised Code; Meade County Bank v. Decker, 19 S. D. 128, 102 N. W. 597; Kjetland v. Pederson, 20 S. D. 58, 104, N. W. 677; McAndrews v. Banks, 25 S. D. 590, 127 N. W. 536.

[5] Considering the very doubtful character of appellant's excuse for his default, and the entire absence of any explanation for his delay in seeking the relief provided for by section 2378 R. C., this court cannot say that the learned trial court abused its discretion in denying the motion.

The order appealed from is affirmed.