## WENDEL, Appellant, v. WENDEL, Respondent.

### (236 N. W. 468.)

(File No. 7090. Opinion filed May 11, 1931.)

*Danforth & Barron,* of Sioux Falls, for Appellant.
*C. J. Delbridge,* of Sioux Falls, for Respondent.

RUDOLPH, J. This is an appeal from an order vacating a default judgment. The judgment was rendered in favor of the appellant against respondent on March 6, 1930. Personal service of summons was made upon respondent by the sheriff of Minnehaha county on February 1, 1930. Respondent made no answer or other appearance in the action, and a default judgment was rendered and entered. On March 12, 1930, execution was issued to enforce the judgment, after which respondent obtained an order to show cause why said default judgment should not be vacated. The order to show cause was based upon a proposed answer, which answer admits the execution of the note, pleads the bar of the statute of limitations, and sets up by way of counterclaim certain items aggregating $500 claimed to be due respondent from appellant. The order to show cause also has for its basis two affidavits, one by the attorney for the respondent to the effect that

the respondent is of German extraction, that he is a farmer and has little education and knows little of the nature of legal procedure. Further, "that after carefully examining the defendant relative to the above entitled action, it is the opinion of this affiant that said Jake Wendel has a meritorious defense to the above entitled action, and should be given an opportunity to appear in court." The second affidavit is that of the respondent. This paper is entitled "Affidavit of Merit," and, in substance, states that the defendant is a farmer, has little education, is of foreign birth, and has no knowledge of law courts and procedure. That when he was served with summons and complaint he was of the opinion that, before plaintiff could compel him to pay a note, plaintiff would have to settle with him for what he claims plaintiff owes him. That he did not consult an attorney until March 13, 1930, that he was surprised to learn that he was mistaken as to the law and facts, that he was planning on coming to town before the expiration of thirty days from the time summons was served on him, but for one week previous to the time at which he became in default that he was sick and unable to make the trip. The assignment of error raises the sufficiency of the affidavits upon which the court based its order setting aside the default judgment.

 Rule 10 adopted for trial courts of record on November 15, 1927, is as follows: "No order relieving a party from a default judgment taken because of failure to plead, shall be granted unless the party applying therefor shall serve upon the adverse party together with his notice of motion or order to show cause, as the case may be, an affidavit of merits and a copy of his proposed pleading. An affidavit of merits, if not made by the party or, in case of a corporation, by one of its officers, should disclose fully why not so made." This rule provides that an affidavit of merits is necessary in addition to a proposed pleading. This court said, in the case of Chamberlain Sanitarium & Benevolent Ass'n, etc., v. Am. Railway Express Co., 43 S. D. 604, 181 N. W. 841, 842: "In many states such applications are purely ex parte; in some states they are presented upon affidavits of merits without copies of proposed pleadings; in others, though affidavits of merits are required, the courts hold that a properly verified pleading will be deemed and treated as an affidavit of merits; while in others,

as in this state, both an affidavit of merits and the proposed pleading must be presented on such application."

An affidavit of merits, as defined by Sutherland Code Pleading Practice & Forms, § 679, is as follows: "An affidavit of merits * * * represents that, on the substantial facts of the case, justice is with the affiant. When a defendant makes such an affidavit, he swears that he has a genuine and bona fide defense, not a defense which will be successful at all events, but a defense to the merits which he ought to be allowed to present, the merits meaning the legal rights of the parties as distinguished from questions of practice and discretion." The paper entitled "Affidavit of Merit," signed by the respondent, is perfectly silent regarding any defense. The only mention of the fact that there is a defense is in the affidavit filed by the attorney, wherein it is stated: "That after carefully examining the defendant relative to the above entitled action, it is the opinion of this affiant that said Jake Wendel has a meritorius defense to the above action, and should be given an opportunity to appear in court."

Court Rule 10 provides that the affidavit of merits must be made by the party, and, if not made by the party, should disclose fully why not so made. There is no apparent reason and no suggested reason why the so called affidavit of merit, as filed by the defendant here, did not contain some reference to his defense, or why the only reference to his defense should be contained in the affidavit of his attorney, who does not claim to know the facts, but will only go so far as to say "that after carefully examining the defendant, etc.," he is of the opinion that there is a meritorious defense. We are of the opinion that there is no sufficient affidavit of merits, that there is not even a substantial compliance with the Court Rule No. 10, providing first, for an affidavit of merits to be made by the party, and, second, that, if the affidavit of merits is not made by the party, it should be disclosed fully why not so made. Court Rule 10 and the decisions of this court require an affidavit of merits. As pointed out, the affidavits supporting the motion fall far short of meeting the requirements of an affidavit of merits, and seemingly there has been no serious attempt to comply with the rule as prescribed by this court.

It is not necessary to go into the matter as presented by the affidavits and determine whether or not there was an abuse of

discretion on the part of the trial court in vacating the judgment; there being no sufficient affidavit of merits, there was nothing upon which the trial court could base the exercise of any discretion.

The order appealed from is reversed.

CAMPBELL, ROBERTS, and WARREN, JJ., concur.

POLLEY, P. J., absent and not participating.