GILLILAND et ux, Respondents v.
COURTESY MOTORS, INC.,
Defendant, and Chrysler Corporation, Appellant

(232 N.W.2d 828)

(File No. 11551. Opinion filed August 22, 1975)

Rehearing denied October 10, 1975

Ronald L. Schulz, Loucks, Oviatt, Bradshaw & Green, Watertown, for plaintiffs and respondents.

Gale E. Fisher, May, Johnson & Burke, Sioux Falls, for defendant and appellant.

COLER, Justice.

In this action to recover both actual and exemplary damages for breach of an installment contract for purchase of an automobile, repossessed by the defendant dealer apparently

without aid of judicial proceedings, and on implied or express warranty of fitness by the manufacturer of the product, default judgment was entered against Chrysler Corporation only. Defendant, Chrysler Corporation, contends the trial court abused its discretion in refusing to set aside an entry of default and the entry of a default judgment granted in favor of the plaintiffs and against the corporation for the amount prayed for in plaintiffs' complaint.

We reverse.

This action was commenced August 13, 1973, by purported service upon Courtesy Motors, Inc., of Watertown, South Dakota, accomplished in Pierre, South Dakota, and upon CT Corporation System, a domestic corporation, of Pierre, South Dakota, the registered agent for Chrysler Corporation, as a foreign corporation. It appears from the record that neither of the defendants answered or otherwise appeared within 30 days after service of the summons and complaint. The answer was required to be served on or before September 12, 1973. SDCL 2-14-14, 15-6-4(a), 15-6-6(a). On September 13, 1973, plaintiffs' counsel filed an affidavit of default against Chrysler Corporation only and in the afternoon of that day appeared before the circuit court to prove up the default judgment. SDCL 15-6-55(b)(1). At the close of that hearing the court recessed pending further proof that the CT Corporation System was in fact the resident agent of the appellant for the purpose of personal service. This proof was apparently filed on September 14, 1973.

Mr. Fisher, appellant's counsel, claims he attempted to contact plaintiffs' counsel on September 12, 1973, to seek an extension of time to answer by stipulation but made no application to the court pursuant to SDCL 15-6-6(b). This claimed attempt by counsel to make contact was denied by plaintiffs' counsel but in any event on September 13, 1973, at approximately 4:30 p.m., Mr. Fisher conversed by phone with plaintiffs' counsel, Mr. Schulz, to secure such an extension. This request was denied and Mr. Fisher was advised that plaintiff had appeared before the court earlier that day to present the affidavit of default and had produced evidence to support the judgment. On September 14, 1973, appellant served its answer by mail,

SDCL 15-6-5(b), and on September 18, 1973, served by mail a motion to set aside the default. This motion included a request for leave of the court to have the separate answer of Chrysler Corporation "recognized and given effect." This motion was accompanied by affidavit of Mr. Fisher stating that he did not receive the complaint from general counsel in Detroit, Michigan, until August 27, 1973, and thereafter wrote the general counsel for the information necessary for him to prepare an answer; that this information came into his hands on September 13, 1973. Mr. Schulz filed an affidavit in resistance to the motion on September 26, 1973, and argument was held that day on the motion. It was not until July 29, 1974, however, that the court, on the affidavits and pleadings and considering the briefs and oral argument of counsel for the respective parties, denied the motion to set aside default and the default judgment was entered that day.

It appears that appellant proceeded pursuant to RCP 55(c), SDCL 15-6-55(c). This rule taken, verbatim, from the federal rule FRCP Rule 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with § 15-6-60(b)." The motion was directed to the opening phrase of RCP 55(c) and as such points up a basic inconsistency in our rules. The federal rule, FRCP Rule 55(a), provides that the clerk of the court may enter a default under certain circumstances and may likewise enter a default judgment within certain limitations. FRCP 55(b)(1). These federal rules are a carry-over of former Equity Rules 16 and 17. 6 Moore's Federal Practice 2d ¶55.03(1). However, our court retained the state practice of permitting the court only, not a clerk, to enter a judgment.

■ The judgment had not been entered when the motion was made to enlarge the time to answer, SDCL 15-6-55(b)(1). "It is clear that defendant's application for leave to answer should be considered exactly as though such judgment had not been entered." *Chamberlain Sanitarium v. American Ry. Express Co.*, 1921, 43 S.D. 604, 610, 181 N.W. 841, 843. We will so treat the motion in this case.

■ The accepted practice under prior rule of this court, SDC

1939 33.0108[1] now found in both SDCL 15-6-6(b) and 15-6-60(b), was to bring the motion on for hearing on an order to show cause. SDCL 15-6-7(b). Rule 10 of the rules of this court governing trial courts of record referred to in *Davis v. Interstate Motor Carriers Agency*, 1970, 85 S.D. 101, 178 N.W.2d 204, as the appropriate procedure to be used in connection with a motion pursuant to RCP 7(b) applies equally to motions pursuant to SDCL 15-6-6(b) and 15-6-60(b). Rule 10 was particularly made applicable to both motions to enlarge the time for pleading and for vacating a default judgment.[2]

Both appellant and respondent have cited in their briefs *Davis v. Interstate Motor Carriers Agency,* supra, but neither has recognized the import of that decision as it relates to procedural requirements in this type of case. This is perhaps occasioned by the court's placement of a significant pronouncement in a footnote, subtly stated in *Davis,* since the inquiry was suggested but the direct question was not raised in that case. A careful reading of *Davis* discloses that, after reminding the bar of the

---

1. SDC 1939, 33.0108 had as its origin Code of Civil Prac. 1877, § 143; CL 1887, § 4939; R.C.Civ.P. 1903, § 151; R.C.1919, § 2378.

2. Rule 10 first adopted at the October 1909 term of this court was later revised and this revision incorporated prior Rules 9 through 11 as they appear in 22 S.D. (Rules of Practice) 2. The revised Rule 10 published on page 163 of the preliminary pages of Vol. 1 of the 1919 Revised Code and on page 165 of the preliminary pages of the 1929 unofficial compilation of laws was adopted March 12, 1919, to be in force July 1, 1919. It was not, as stated in *Wendel v. Wendel,* 1931, 58 S.D. 438, 236 N.W. 468, adopted on November 15, 1927, but was published in pamphlet form under that date. This rule, also reprinted in 40 S.D. at preliminary page 20, reads as follows:

> "Rule 10.
> Applications For Relief And Affidavits Of
> Merit.
>
> No order extending the time to plead after the time limited by the code or by some previous order or stipulation, and no order relieving a party from a default judgment taken because of failure to plead, shall be granted unless the party applying therefor shall serve upon the adverse party together with his notice of motion or order to show cause, as the case may be, an affidavit of merits and a copy of his proposed pleading. An affidavit of merits, if not made by the party or, in case of a corporation, by one of its officers, should disclose fully why not so made. When a sufficient affidavit of merits has once been served and filed, no other affidavit of merits on behalf of the same party shall be necessary in connection with any other or further proceeding in the same action."

existence of Rule 10, Justice Biegelmeier documented the compliance by the appellants therein with that rule.

Respondents' counsel in his brief did not question the sufficiency of the affidavit and stated, citing *Connelly v. Franklin*, 1926, 50 S.D. 512, 210 N.W. 735, 736, that: "Although an Affidavit of Merit is no longer required, this Court has substituted the requirement that as a general rule a meritorious defense must be presented." Such is not the holding in *Davis* nor in *Connelly v. Franklin* as both cases recognize the necessity of the affidavit of merits. As stated in *Davis* no other rule has been called to this court's attention which details the procedure in such cases. We hold in keeping with *Davis v. Interstate Motor Carriers Agency*, supra, that Rule 10, though neglected, remains the rule of this court.

As previously set forth, no affidavit other than that of counsel for defendant, Chrysler Corporation, was offered by appellant to satisfy the requirements of the Rule 10. His affidavit did not disclose why the affidavit was not made by a corporate officer. Since respondents did not challenge the sufficiency of the affidavit or the absence of the affidavit of merit to meet the requirements of Rule 10 we need not determine whether, standing alone, Mr. Fisher's affidavit satisfies the standards enunciated in *Wendel v. Wendel*, 1931, 58 S.D. 438, 236 N.W. 468.

It has been consistently held by this court the power given to the trial courts to grant relief under statutes which were the predecessors to SDCL 15-6-6(b) should:

> " 'be exercised by them in the same liberal spirit in which the section was designed, in furtherance of justice and in order that cases may be tried and disposed of upon their merits.' " *Gunvordahl v. Knight*, 1951, 73 S.D. 638, 640, 47 N.W.2d 561, 562.

This motion having been brought on affidavits this court is in as good a position as the trial court to judge the veracity and intelligently weigh the evidence. *Davis v. Interstate Motor Carriers Agency*, supra. We find the affidavit, together with the answer previously served, sufficiently sets forth a defense

and reason for the delay in the service of the answer and that the appellants exercised diligence in seeking leave of court, *Chamberlain Sanitarium v. American Ry. Express Co.*, supra; *Wendel v. Wendel*, supra; *Des Moines Mutual Hail & Cyclone Insurance Association v. Clute*, 1915, 35 S.D. 154, 151 N.W. 281, and in the language of *Chamberlain Sanitarium v. American Ry. Express Co.*, 1921, 43 S.D. 604, 181 N.W. 841:

> "In the light of all the facts before it, the trial court abused its discretion when it refused defendant's application." at page 610, 181 N.W. at page 843.

In light of our disposition of this case appellant's other assignment of error need not be considered as it will properly be disposed of at trial.

This court would be remiss if it did not, as it did in *Davis v. Interstate Motor Carriers Agency*, supra, point out that no disposition of the case against defendant, Courtesy Motors, has yet been made and that must be done before judgment becomes final. SDCL 15-6-54(b).

The order appealed from must be reversed and unless this court grants terms upon such reversal the trial court may not do so. *Byrum v. Smith*, 1926, 50 S.D. 186, 208 N.W. 828; *Davis v. Interstate Motor Carriers Agency*, supra. As was true in *Davis v. Interstate Motor Carriers Agency*, supra, while the appellant's negligence is held legally excusable, it is a business institution and not without some fault for failing to answer, and imposition of terms is to be weighed and balanced in accordance with the facts in each case. The order is reversed and the case is remanded to the trial court with instruction to enter an order permitting appellant to serve and file an answer upon payment of $200 terms to plaintiffs and to enter an order vacating the judgment entered by such court.

WINANS, WOLLMAN and DOYLE, JJ., concur.

DUNN, C. J., concurs specially.

DUNN, Chief Justice (concurring specially).

I would reverse on the simple grounds that the trial court abused its discretion in not opening up a default judgment which was applied for on the 30th day after service of summons and complaint where the attorney for the defendant sought an extension on the 30th and 31st days which was not granted by the attorney for the plaintiffs and where defendant filed an answer on the 32nd day and moved immediately to set aside the default.