EMBLEM MFG. CO., INC., Respondent v.
DISCOVERY CORP., Appellant

(243 N.W.2d 799)

(File No. 11703. Opinion filed July 2, 1976)

---

4. See SDCL 15-6-45(c) and SDCL 19-6-10.

**Robert A. Warder**, Rapid City, for plaintiff and respondent.

**David Stanton**, Rapid City, for defendant and appellant.

COLER, Justice.

This appeal was taken from an order denying a motion to vacate a default judgment taken by respondent against appellant for the balance due on a promissory note.

We affirm.

The summons and complaint were served upon appellant on January 28, 1975. The summons and complaint, together with the return of service, were all filed with the court on March 11, 1975, and the judgment by default was entered and filed on the same date. Thereafter on March 14, 1975, appellant filed its answer, and subsequently, on March 26, 1975, appellant's counsel filed a motion to set aside the default judgment, together with an affidavit over his signature, and a notice of the motion. A like motion, affidavit and notice were filed on April 17, 1975, which were accompanied by a certificate of service upon respondent's attorney.

Under our rules of civil procedure, RCP Rule 60(b), an af-

fidavit of merits is the proper foundation for a show cause hearing on a motion to vacate a judgment. In the case of a corporate party, that affidavit must be made by one of the officers of the corporation or the affidavit must disclose why it is not so made. See Davis v. Interstate Motor Carriers Agency, 1970, 85 S.D. 101, 178 N.W.2d 204 and Gilliland v. Courtesy Motors, Inc., 1975, 89 S.D. 273, 232 N.W.2d 828.

As this case was presented to the trial court prior to the holding of this court in Gilliland v. Courtesy Motors, Inc., supra, we consider the applicable portions of the attorney's affidavit of merits as follows:

> "4.  That the action was not filed within ten days after service thereof, as required by SDCL 15-6-5(e) [sic], and that in accordance with the provisions of said statute, the time of service needs be deemed to be the date of filing of the Notice and proof of service.

> "5.  That in fact said Default Judgment was taken on the same day as the filing of the Notice and proof of service.

> "6.  That Defendant verily believes upon these facts, that he was not in default, and that said Default Judgment hereinbefore entered, is void, within the meaning of 15-6-60(d) 4 [sic]."

Appellant's argument is that this court, by its adoption of Rule 72-4, effective January 1, 1973, which amended RCP Rule 5(d) and is now codified as SDCL 15-6-5(d), has stated a requirement for filing of the summons and complaint at least ten days before the taking of the default judgment. Appellant claims this requirement arises by implication from certain language, which we have emphasized, appearing in the first paragraph of RCP Rule 5(d) reading as follows:

> "15-6-5(d). The original of all papers served upon a party or presented to any court or judge in support of any application or motion and including the summons,

all pleadings, notices, demands, offers, stipulations, affidavits and written motions, and orders shall, if not filed before service, be filed with the court, together with proof of such service, forthwith upon such service. *The foregoing requirement of filing applies to the notice of filing of an order and the notice of entry of a judgment together with proof of service thereof, both of which shall be filed forthwith; if not filed within ten days after service thereof, the time of service shall be deemed to be the date of filing of the notice and proof of service.*

"If such papers are not to be served, they must be filed with the court at the time of their presentation to the court for any action or consideration.

"In the event of failure to file any paper required to be filed as herein specified, the adverse party upon proof of the omission so to file shall be entitled without notice to an order requiring such papers to be filed within a time to be specified in the order, and such order may likewise provide that upon such failure so to file such papers, the action or proceeding shall be dismissed without prejudice and that no new action or proceeding may be commenced without payment of reasonable terms to be fixed by the court.

"If any process, original pleading, or any other paper, be lost or withheld by any person, the court may authorize a copy thereof to be filed and used instead of the original." (Emphasis Supplied)

It is the underlined language which appellant claims has somehow modified both SDCL 15-2-30 and RCP Rules 3, 4(a) and 55(a). Such was neither the intention nor the plain language of the foregoing amendment to our rule.

In large measure, the South Dakota rules of civil procedure conform to the federal rules of civil procedure. However, our rules, RCP Rules 3, 4(a) and 4(b), and our statutes, SDCL 15-2-30

and 15-2-31, unlike the federal rules, do not require the filing of a complaint before the issuance of a summons by the clerk, Federal RCP Rules 3 and 4. Our rules require only the filing thereof as was done in the instant case "forthwith."

Appellant having been duly advised by the summons, which was timely served, that an answer was required within thirty days and having defaulted and appellant not having presented its claim for relief under RCP Rule 60(b)(1) but relying only on the basis of RCP Rule 60(b)(4) and its reading of RCP Rule 5(d), is entitled to no relief.

Affirmed.

DUNN, C. J., and WINÀNS and WOLLMAN, JJ., concur.