HENRY v. HENRY.

When a party who has not been properly served with process appears in a case, and asks to have a decree against him set aside, for the reason that the court had no jurisdiction of his person, and for the further reason that such decree was procured by fraud and deceit, and was without evidence to support it, such appearance is general, going directly to the merits, and is a waiver of all defects in the service of process.

(Opinion filed October 2, 1901.)

Appeal from circuit court, Custer county. HON. LEVI MCGEE, Judge.

Action for divorce by Mary E. Henry against Leon Henry. From an order overruling a motion to vacate a decree in favor of plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*W. E. Benedict* and *I. W. Goodner,* for appellant.

Jurisdiction of absent defendants cannot be acquired except by complying strictly with the provisions of the statute provided for that purpose. Cook v. Farmer, 12 Abb. Pr. 359. The jurisdiction is strictly statutory and can only be acquired in the mode required by the statute. Hallett v. Righters, 13 How. Pr. 43; Brisbine v. Peabody, 3 *Id.* 109; Van Wick v. Hardy, 11 Abb. Pr. 437, 39 How. Pr. 382; Back v. Cassels, 2 Abb. Pr. 386; Mosier v. Wafee, 56 Barb. 80; Beach v. Beach, 6 Dak. 371.

The complaint was not filed at the time of the making of the

order directing the service of the summons by publication and was not filed at the time of the publication of the summons. The law of this state upon this subject, Com. Laws, Sub-division 5 of § 4900, in part is as follows: "In all cases where publication is made, the complaint must be first filed, and the summons as published, must state the time and place of such filing." The statute of Wisconsin on this subject is identical with ours, and has been interpreted and applied in the following cases: Anderson v. Coburn, 27 Wis. 558; Cummings v. Taylor, 61 Wis. 185-191; Manning v. Heady, 64 Wis. 630; Witt v. Meyer, 69 Wis. 595.

Sub-division 5 of § 4900 of our statute is in part as follows: "In case of publication, the court or judge must also direct a copy of the summons and complaint to be forthwith deposited in the post-office." * * In the case at bar the order did so direct, but the summons and complaint, if mailed at all, were not mailed until the 16th day of December, 1896, or forty days after the order was made. "Forthwith" is interpreted to mean with "all reasonable dispatch" in Star v. Mahan, 5 Dak. 213. It could scarcely be contended with reason that forty days delay was complying with the order with "all reasonable dispatch." Appellant's contention is that the order for publication became a nullity by reason of the failure of the plaintiff for forty days to comply with its directions. Star v. Mahan, 4 Dak. 213; Back v. Cressells, 2 Abb. Pr. 386.

Fraud practiced upon the court and defendant are sufficient grounds for vacating a decree of divorce. Beach v. Beach, *supra;* Yorke v. Yorke, 55 N. W. 1095.

*Chas. E. Davis,* for respondent.

When a party who has not been properly served with process appears in a case, and asks to have a decree against him set aside, for the reason that the court had no jurisdiction of his person, and

for the further reason that such decree was procured by fraud and deceit, and was without evidence to support it, such appearance is general and is a waiver of all defects in the service of process. Yorke v. Yorke, 55 N. W. 1095 ; 2 Enc. Pl. and Pr. 655, Note 1.

The exception that the plaintiff was not at the time of the commencement of the action, or at the time of the entry of the decree, a resident of the state, is an exception to the jurisdiction *over the subject matter of the action,* and can be made only upon general appearance. 2 Am. Eng. Cy. Pl. and Pr. 621 ; Fitzgerrald v. Fitzgerrald, 137 U. S. 98.

FULLER, P. J.   On the 2d day of December, 1899, a motion, supported by affidavits, and specifying want of jurisdiction, fraud, and deceit, and insufficiency of the evidence, was made in the trial court to vacate a decree of divorce entered in favor of plaintiff on the 28th day of July, 1898, and this appeal is from an order overruling the same.

. Defendant being a non-resident of this state, substituted service was resorted to by the issuance of a summons, and its publication for the required period, and by which notice was given that the complaint was filed in the clerk's office on the 9th day of November, 1896, while, as a matter of fact, it was not so filed until a few days prior to the entry of the decree here sought to be annulled.   From the entire record it reasonably appears that plaintiff had been a resident of this state for the necessary time, that the affidavit upon which the order for substituted service was based, and the publication made pursuant thereto, substantially comply with the statute, and the charge of fraud and deceit in obtaining the divorce is not sustainable.

The failure to file the complaint, as required by statute, when considered with the further fact that there was seemingly an unwar-

ranted delay in mailing to the defendant a copy of the summons and complaint, may be deemed fatal to the jurisdiction of the trial court, but the defendant, who now appears generally, has cured such jurisdictional defect. Though it is stated that the appearance is special, his motion goes directly to the merits of the case, for the express purpose of defeating plaintiff's action, for the reason, among others, that the evidence is insufficient to sustain the decree. By numerous affidavits offered in support of this motion, the legality and probative force of the evidence is questioned, its sufficiency to justify the decree is denied, and, by way of an affirmative defense, speccific fraudulent acts on the part of plaintiff are alleged. Had application been made to set aside the default, and allow the defendant to come in and defend, the contrary affidavit of plaintiff, considered with his showing, would probably be sufficient to repel the imputation of fraud, and justify the trial court in refusing to interfere with its decree. In North Dakota (Yorke v. Yorke, 55 N. W. 1095) the court say: "When a party who has not been properly served with process appears in a case, and asks to have a decree against him set aside for the reason that the court had no jurisdiction of his person, and for the further reason that such decree was procured by fraud and deceit, and was without evidence to support it, such appearance is general, and is a waiver of all defects in the service of process." Anderson v. Coburn, 27 Wis. 558, is a case where a defendant sought to set aside a judgment on account of defective service, as well as insufficiency of the evidence, and the court held that the appearance was general, and a waiver of all jurisdictional defects. In view of the defendant's general appearance, and the absence of fraud on the part of plaintiff, we are convinced that the motion to vacate the decree was rightfully overruled, and the order appealed from is affirmed.