## SMALLEY v. LASELL.

A proposed answer accompanying an application to open a default judgment in an action on contract, which puts in issue every allegation of the complaint, except the execution of the contract, is not frivolous, but states a defense.

A written contract stipulating for the delivery by one party thereto of personalty as a consideration for a conveyance of real estate, and containing an acknowledgment of the receipt of the personalty, does not preclude inquiry in an action on the contract as to the fact of delivery, and an answer, tendered on application to open a default, denying delivery, is not frivolous.

Where, in an application to open a default on the ground that the reason why the answer was not served in time was the pendency of a motion by defendant's attorney to set aside the service of summons, it appeared that the motion to set aside the service was supported by affidavits on file in the trial court, but not in the record

on appeal from the order opening the default, and the motion might have involved issues of fact, there was nothing to show that the default resulted from a mistake of law of defendant's attorneys in moving to set aside the service, so that relief against the default could not be denied on the ground that a party may not be relieved from a default resulting from a mistake of law of his attorneys.

The court, pending a motion to set aside the service of summons, may not enter a default judgment without overruling the objection to the service of summons.

The failure of counsel for defendant moving to set aside the service of summons to apply for an enlargement of the time in which to answer after the denial of the motion and before the entry of default judgment is not such a want of diligence as precludes the trial court in its sound discretion from granting an application to set aside the default made without unreasonable delay.

(Opinion filed October 4, 1910.)

Appeal from Circuit Court, Day County. Hon. J. M. Mc-Coy, Judge.

Action by Ira E. Smalley against Dana Lasell. From an order opening a default judgment for plaintiff, he appeals. Affirmed.

*Robertson & Dougherty,* for appellant. *Sears & Potter,* for respondent.

HANEY, J. This action was commenced on June 2, 1908, service of summons having been made by delivering to and leaving with defendant's wife a copy thereof at defendant's dwelling in Day county. On August 4th plaintiff's counsel were served with an order to show cause why defendant's default should not be set aside, and he be permitted to answer, returnable August 29th, accompanied by a copy of a proposed verified answer and an affidavit of Frank Sears of the firm of Sears & Potter, stating: That affiant's firm was retained by the defendant about June 30th to make application to have the service of summons set aside. That such application was made and denied about July 9th. "That, by reason of said application, no answer was served in said cause, and more than 30 days has elapsed since the service of the summons and complaint therein. That the said attorneys acted in good faith in making said application, and advised the defendant that no sufficient service of summons had been made on him to entitle the

plaintiff to judgment, and the failure of the defendant to serve his answer in said cause was due and owing to the making of said motion to set aside the service, and to the counsel given by his attorneys, Sears & Potter, to the effect that said service was insufficient. That the defendant desires to answer therein, and, as affiant believes, has a good and meritorious defense to said action." On August 17th, 12 days before the return day of the order to show cause, plaintiff's counsel were served with an affidavit of merits, a second affidavit of Frank Sears, and a notice to the effect that such affidavits would be read on the hearing of the order to show cause. At the time and place set for the hearing of such order, the plaintiff appeared by his counsel; the defendant not appearing either in person or by counsel. On September 9th the court made an order setting aside defendant's default, and allowing him to answer within 30 days upon payment of $25 as terms; it being provided that the judgment theretofore entered and docketed for $5,117 and costs "should stand as security to the plaintiff for such judgment as he may recover in this action, if judgment be given for plaintiff, until the final determination of this action." From this order the plaintiff appealed.

Counsel for appellant concede that the defendant's application for leave to answer was addressed to the sound discretion of the trial court, but they contend such discretion was abused (1) because the affidavits on which the application was based contained no facts tending to show inadvertence, surprise, or excusable mistake; (2) because it appears from such affidavits that an answer was not served in time through mistake of law and not of fact; (3) because no reasons are given therein why defendant's motion to set aside the service of summons was not made in time to allow the service of an answer within the statutory period, thus showing bad faith and inexcusable neglect; (4) because a proper affidavit of merits was not served; and (5) because defendant's proposed answer did not state facts constituting a defense and was frivolous.

It is alleged in the complaint that the plaintiff and the defendant entered into a written contract by the terms of which the plaintiff was to deliver certain described personal property and

make certain payments, and the defendant was to convey to the plaintiff certain described real property; that the plaintiff delivered described personal property of the agreed value of $4,800; that the defendant has neglected and refused to convey the real property, wherefore the plaintiff demands judgment for the value of the personal property with interest, costs, and disbursements. Defendant's proposed answer admits the execution of the contract; denies he has ever received from the plaintiff any of the property described in the complaint; denies that the plaintiff delivered to the defendant any part of the property referred to in the complaint; denies that defendant refused or neglected to furnish perfect title to the real property; alleges that he was at all times ready to comply with the terms of the contract; and denies each and every allegation of the complaint not expressly admitted. If this answer fails to state a defense, we are unable to imagine how one could be framed that would do so. It puts in issue every allegation of the complaint except the execution of the contract. The contention that it is frivolous because delivery of the personal property described in the contract was acknowledged in the contract itself is clearly untenable. The contract as set out in the complaint does not contain such an acknowledgment, and, if it did, it would not preclude inquiry as to the fact of delivery.

Defendant's default did not result from any mistake or negligence on his part. It appears from the uncontradicted affidavits upon which the order appealed from was based that after employing counsel the defendant went to Alberta, Canada, where he remained during the pendency of this action in the circuit court. There is nothing in the record to justify the inference that his absence from this state was designed to prevent or delay the prosecution of the plaintiff's claim. He employed counsel in ample time to have had an answer served. The attack upon the service of the summons was made on the advice and suggestion of counsel. It was their mistake, not his, which enabled the plaintiff to secure a judgment by default. They undoubtedly were authorized and relied on by the defendant to take such action as would properly protect his rights. If the service of the summons was defective,

they had an undoubted right to attack it. Whether they were justified in doing so when the time in which to answer was so nearly expired would depend upon the nature of the objections to the service and the nature of their information concerning the same. Presumptively their motion was properly denied. Presumptively they erred as to the sufficiency of their objections. Whether their mistake was one of law or one of fact depends upon the grounds of their motion. There is nothing in the record to sustain appellant's contention, assuming that a party may not be relieved from a default resulting from a mistake of law on the part of his attorneys. It affirmatively appears that the motion to set aside the service of summons was supported by affidavits which are not before us on this appeal, but which were on file in this action, and should have been considered by the trial court in ruling on the application to set aside the default. If it appeared that such motion only involved the sufficiency of the return of service on the summons, there might be force in appellant's contention that the mistake was one of law and not of fact, but the motion evidently involved issues of fact. It may have involved only issues of fact. It may have been contended that no summons was ever delivered to or left with defendant's wife at his dwelling or elsewhere. The grounds of the motion, the issues involved, were known to the trial court, and were undoubtedly given proper consideration in determining whether defendant's counsel were guilty of inexcusable neglect in relying thereon, instead of interposing an answer before the time for answering expired. Moreover, with such a motion pending, the court could not enter a default judgment without overruling defendant's objections to the service of the summons, and the real question in this case is whether defendant's counsel were guilty of inexcusable negligence in failing to secure an enlargement of the time in which to answer after their motion was denied, and before the default judgment was entered. It clearly would have been an abuse of discretion to have refused such an application. It is equally clear that the failure of defendant's counsel to make such an application before the default judgment was entered did not constitute such a want of diligence as

precluded the trial court in the exercise of a sound discretion from granting the application to set aside the default, made, as it was, without unreasonable delay in view of all the circumstances disclosed by the record on this appeal.

No useful purpose would be served by an extended discussion of appellant's numerous technical objections to the phraseology of the affidavit of merits. No departure from the usual form of such instruments is disclosed that would warrant a reversal of the order appealed from. An examination of the entire record clearly justifies these conclusions: That the defendant and his counsel acted in good faith; that there is a substantial controversy between the parties to this action; that the defendant should be given an opporunity to defend; and that it was not an abuse of discretion to set aside his default upon the conditions prescribed by the learned circuit court. Its order is affirmed.

McCOY, J., taking no part in this decision.