CLAY, Respondent, v. KENT OIL CO., Appellant

(38 N. W.2d 258.)

(File No. 9008. Opinion filed June 27, 1949)

**A. J. Beck,** Elk Point, **Shull & Marshall,** Sioux City, Iowa, for Appellant.

**Donley & Crill,** Elk Point, for Respondent.

HAYES, J. Plaintiff brought suit to recover for personal injuries sustained by him as a result of an explosion which occured while he visited a filling station then being operated by a local or managing agent of the corporate defendant, a foreign corporation. Named also as a defendant in said action is the agent, one Joseph Mattern, attendant of the station at the time of the explosion. That the corporate defendant was then, and for some years prior thereto had been, engaged in business in this state without complying with SDC 11.20 is clearly established. Consequently the Secretary of State had not been appointed by the corporation as its agent upon whom process might be served, one of the requirements of SDC 11.2003(6).

In an effort to serve process upon the corporation plaintiff proceeded pursuant to the provisions of SDC 11.2108. From the proof of such service it appears that the Secretary of State received the summons and complaint in duplicate on February 24, 1948, and on the same date mailed one of the duplicate copies thereof to the corporation at its principal place of business in Salina, Kansas. Within the time allowed for answer the corporation appeared specially and moved to quash the service made as aforesaid. This motion came on for hearing upon order to show cause and was thereafter denied by the order from which this appeal is taken, leave to the corporate defendant to appeal from said ruling having been heretofore granted. The record before us discloses also that the summons and complaint, placed in the hands of the sheriff for service upon defendant Mattern on April 7, 1948, was personally served upon said

defendant when he was found in this state on the day following the order of the court denying the motion to quash. The corporation, to which we will hereinafter refer as appellant, assails the validity of the service upon it and contends that such service was unauthorized and ineffectual to confer upon the court juridiction over it. The sole question for our discussion is whether service of the summons and complaint upon the Secretary of State was legally sufficient to bring the appellant before the Court as a party defendant in the pending litigation. In our consideration of this question it is significant to note that applications on the part of appellant to the Division of Licensing of this state for licenses as a dealer in motor and tractor fuel for the years 1944 and 1947 each represented that appellant had been qualified to do business in South Dakota. The application for the latter year designates Joe Mattern, no address given, as resident general or managing agent.

Appellant's counsel argue the point that its managing agent and not the Secretary of State was the person respondent was required to serve in order to bring appellant into court. In support of this position they rely upon SDC 33.0807(2) and SDC 33.0811. We are urged to ignore SDC 11.2108 for the reason that appellant had not procured a license authorizing it, as a foreign corporation, to transact business in this state and had not named the Secretary of State to accept process for it. In their reply brief counsel state: "Mattern in the capacity of such agent could have been served with such process at the time and place he was served in his individual capacity, and that this appeal, but for such failure on the part of the respondent, probably would not have been made."

Conceding that service might have been made upon appellant by serving agent Mattern when the latter was found in Union County, we must nevertheless confine ourselves to a determination of the propriety of the order of the court denying appellant's motion to quash upon the factual showing then before the court. There is nothing in such showing to the effect that the agent was personally present in this state at any time during the period between the date

of the explosion and the day following the entry of the order from which this appeal is taken. On the contrary, the affidavit of the appellant's vice-president states "* * * and that it (the corporation) does not have, and has never designated, any agent, within the State of South Dakota, as the person upon whom service of Summons might be made in said State of South Dakota." Further, affidavits on respondent's part tend to establish that agent Mattern after the explosion became a resident of Iowa. The fact may be that he resided in Iowa while serving as agent of appellant at Stevens, this state. Regardless of that fact appellant's showing informed the trial court that no agent was ever named by it to receive process in its behalf in South Dakota.

Respondent urges that appellant having transacted business in this state for a period of some years without obtaining a license therefor as required by our laws has submitted itself to the jurisdiction of the courts here. With such position we agree. To such effect this court held in Foster v. Charles Betcher Lumber Co., 5 S. D. 57, 58 N. W. 9, 11, 23 L. R. A. 490, 49 Am. St. Rep. 859. "The general rule is that it (the foreign corporation) tacitly submits itself, when it voluntarily enters the state and engages in business there, to the valid laws of such state and to the jurisdiction and process of its courts to the extent required by such laws." 23 Am. Jur., Foreign Corporations, § 91. As therein noted the authorities in support of this rule are legion. Deeming the same applicable to the instant case we turn to appellant's attack upon the manner of service of process to which respondent resorted.

If appellant had complied with the requirements of SDC 11.20 it was bound to have named the Secretary of State and none other as its agent upon whom process was to be served in respect to any liability arising out of any transaction by it in this state. SDC 11.2003(6). By the provisions of said subsection appellant was required also to agree that service of summons upon the Secretary of State should be accepted irrevocably as a valid service upon it. Having failed to do that which our law required of it as conditions under which it was to be or may have been permitted by license to transact business in this state, appellant now says

that such failure on its part has resulted in a denial to respondent of that recourse which the law of the state demanded that it maintain for respondent's aid and benefit. In Foster v. Charles Betcher Lumber Co., supra, this court declared: "The failure of appellant (a foreign corporation) to comply with the laws of this state cannot be taken advantage of by itself, nor in fact by any private person in a collateral proceeding." Applying this rule against appellant, and employing language found in said opinion, we think it proper to hold that if a foreign corporation fails to comply with the laws of this state, but is still engaged in business therein, and permitted to carry on such business, it must transact its business here subject to the laws of the state, and its assent to service upon the Secretary of State is implied. See authorities cited in note 2, 113 A. L. R. 16. It is observed that our code, SDC 11.2002, denied to appellant the right to transact business in this state until such time as it should comply with the provisions of SDC 11.20. Having voluntarily assumed the right to engage in business in South Dakota we think that appellant should not now be heard to say that it did not authorize the Secretary of State to act for it in the formal manner of accepting a summons, an outgrowth of the exercise of such assumed right. We recognize that this view is not universally adopted, as is made to appear in 23 Am. Jur., Foreign Corporations, § § 495 and 499. However, our review of the question induces an adherence to the rule quoted from the former opinion of this court and leads us to the belief that the decided weight of authority sustains the validity of the service employed to bring appellant into court.

We encounter no difficulty in the light of provisions of SDC 33.0807(2) and SDC 33.0811 relating to personal service of process. As hereinabove pointed out, the Secretary of State is the only person appellant could have appointed as its "authorized agent for the service of process", a phrase appearing in the cited subsection. Service upon such an agent is by said section 33.0811 defined to be personal service.

The order appealed from is affirmed.

All the Judges concur.