GUNVORDAHL, Respondent, v. KNIGHT et al., Appellant

(47 N. W.2d 561)

(File No. 9182. Opinion filed April 23, 1951)

**W. W. French, Louis B. French,** Yankton, for Appellant.
**Harold Gunvordahl,** Burke, pro se.
**Slaughter & Brady,** Yankton, for Respondent.

RUDOLPH, P.J. The defendant, First Dakota National Bank, seeks to set aside a judgment taken against it by de-

fault. The trial court refused to set the judgment aside and the bank has appealed.

We believe the judgment should be set aside. The affidavits of the parties disclose certain facts which, in our opinion, are decisive. On May 1, 1950, the defendant bank was served with a garnishment process in the action. On May 16, 1950, it was served with the summons and complaint in the principal action. The affidavit on behalf of the bank sets forth "* * * that affiant, in good faith, believed the summons and complaint herein were served pursuant to the garnishment proceedings to procure a disclosure by said Bank * * *." Considered in the light of SDC 37.2806, which provides that the garnishee is entitled to a copy of the complaint upon demand, this belief of the garnishee is not entirely without foundation. Also it is unusual to be the garnishee and principal defendant in the same action. That this belief on behalf of the officer of the bank was at least in part induced by the plaintiff is evidenced by the fact that the garnishee summons was served upon the bank several days before the summons and complaint in the principal action.

To offset the showing made by the bank the plaintiff relies principally upon two telephone conversations between the bank officer and plaintiff's attorney. The first of these conversations related to the bank making a disclosure in the garnishment proceeding which conversation was at a time prior to default in the principal action. This conversation in no way related to the principal action and seems to us to be entirely immaterial to any present issue. The second conversation was had on June 13, several days after the bank was in default. Plaintiff's attorney advised the bank that it was in default "and if you do not get a lawyer and put in an answer we will get a default judgment against the Bank." This conversation was at 10:30 in the morning. In the afternoon of the same day the default judgment was entered. The day following this conversation counsel for the bank requested plaintiff to permit him to file an answer. This request was denied and this proceeding was then commenced.

■ ■  The statute, SDC 33.0108, permits the court in its discretion to relieve a party from a judgment taken against him through his "excusable neglect." This statute contemplates neglect, the only question is whether such neglect is excusable. Obviously the term "excusable neglect" has no fixed meaning. The question must be determined from the facts and circumstances presented in each case. The statute does give trial courts a wide discretion but it has also been established since statehood, at least, that the power given trial courts by statute should "be exercised by them in the same liberal spirit in which the section was designed, in furtherance of justice and in order that cases may be tried and disposed of upon their merits." Griswold Linseed Oil Co. v. Lee, 1 S.D. 531, 47 N.W. 955, 957. See also Gubele v. Methodist Deaconess Hospital, 55 S.D. 100, 225 N.W. 57.

Counsel for each party has cited cases in support of his position. We do not believe a discussion of reference to the several cases would be helpful because, as stated above, the question is entirely one of fact and each case must depend upon the showing made.

There was no protracted neglect in this case. Under the showing made the bank was in default but a few days and sought to answer the day after the telephone conversation of June 13. As there was no term of court in Yankton County until the following September there would have been no delay in a trial upon the merits had the trial court granted the motion. We do not hold that this fact is in any sense decisive but we believe it is a fact that should be taken into consideration by the court in exercising its discretion.

■  That there was some confusion in the minds of the officers of the bank, is apparent from the record, and also apparent from the fact that the very nature of this action was such as to make it unlikely that the bank would permit a judgment by default. We believe counsel for plaintiff at least surmised there was some misunderstanding, which surmise prompted the phone call on June 13. Under the plaintiff's showing the bank was then advised, even though in default, that it would be permitted to answer. No time was stipulated within which the bank might get a lawyer

and "put in an answer." Accepting plaintiff's version of this conversation the bank was justified in believing a reasonable time was intended. The default judgment was entered within a matter of hours at most after this conversation. For our present purpose it may be conceded that the question of whether the neglect of the bank prior to this telephone conversation was excusable was subject of determination in the sound judicial discretion of the trial court. However, by plaintiff's own statement this neglect was excused by the telephone conversation of June 13. We do not believe that under this record the neglect of the bank, if there were in fact any neglect, in failing to get in an answer within a few hours after this telephone conversation can be held to be other than excusable. The attempt to answer the day following the conversation is not, under this record, such an unreasonable delay as to be held inexcusable.

The order appealed from is reversed.

All the Judges concur.