DYKSTERHOUSE, Appellant v. PARROT, Jr., Respondent

(105 N.W.2d 205)

(File No. 9837. Opinion filed October 5, 1960)

**Newell E. Krause,** Lemmon, for Plaintiff and Appellant.

**Johnson & Price,** Lemmon, for Defendant and Respondent.

SMITH, J. In this action for damages growing out of a personal injury, a substituted service of summons and complaint, void for noncompliance with SDC 1960 Supp. 33.0808, was attempted before the applicable statute of limitations had run. After the elapse of the statute, defendant filed a voluntary appearance, demanded, and through stipulation received a change of venue, and interposed an answer pleading the bar of the statute. That issue was tried to the court. Plaintiff advanced the theory that the voluntary general appearance of defendant should relate back to the attempted substituted service and therefore the cause of action was not barred. The trial court refused to give defendant's general appearance such a retrospective effect, and entered an order dismissing the cause of action. Whether in so holding the trial court erred is the narrow question presented to this court by plaintiff's appeal .

Controlling statutes in substance provide: a civil action for personal injury can be commenced only within three years after the cause of action accrues, SDC 1960 Supp. 33.0232(5) (c); and an action is commenced as to a defendant when the summons is served on him, SDC 1960 Supp. 33.0202.

The question we are considering arose under like controlling statutes in New York in Guilford v. Brody, 237 App.Div. 726, 262 N.Y.S. 722 at page 724. The court's opinion reads in part as follows:

"We are of opinion that the general appearance of the defendant was ineffectual to validate an improper personal service, and that these sections, read together, must be construed to mean that an action, for the purpose of the statute of limitations, must be instituted by the valid service of a summons, or by a general appearance within the time limited. A general appearance is equivalent to personal service of the summons only as of the date upon which the notice is served. G. T. Atanasio & Company, Inc., v. Societe Les Affreteurs Reunis, 206 App.Div. 674, 199 N. Y. S. 925. Nothing contained in the statute seems to justify a conclusion that where the original service is invalid, and thereafter a general notice of appearance is entered, the appearance relates back to the service of the summons."

The issue arose in United States v. French, 95 F.2d 922, at page 926, and writing for the Eighth Circuit Court of Appeals, Mr. Justice Stone said,

"Several months after expiration of the two-year statutory limitation, appellee (by attorney) joined in a stipulation for continuance of the case. This was a general appearance. Appellant contends that such general appearance was a waiver of defects in the summons and such waiver results in perfecting the summons as of the date of delivery to the marshal. It is very true that a general appearance brings the party into the litigation as effectively as though there were no defects in summons or service. Not infrequently this has been referred to as a waiver of defects in the summons or the service. But such expressions are to be taken only as meaning that the party cannot, after a general appearance, escape the jurisdiction of the court because of a defect in the process. It does not relate back and cure such defects for all purposes but takes effect generally only as of the

time of the general appearance. * * * The general appearance here in no way affected the right of appellee to thereafter plead the limitation. It simply put him in court from then on for all purposes. The same result would follow had no process ever been issued but he had made his voluntary general appearance upon the day he did here."

In 6 C.J.S. Appearances § 14, p. 44, it is written,

"* * * An appearance is equivalent to personal service of the summons only as of the time when the appearance was made, and it does not relate back so as to put defendant in default for failure to answer; to avoid the statute of limitations, where the statutory period has elapsed before the entry of appearance; to enable the adverse party to claim that process was previously served; or, according to some cases, so as to give validity to void proceedings preceding it; but other cases will relate a general appearance back to the time of the trial, and, as will be discovered in § 20 of this Title, a number of cases give a subsequent general appearance the effect of validating a judgment previously rendered without jurisdiction."

In dealing with a decree entered by default, predicated on constructive service, this court in Henry v. Henry, 15 S.D. 80, 87 N.W. 522, said, "The failure to file the complaint, as required by statute, when considered with the further fact that there was seemingly an unwarranted delay in mailing to the defendant a copy of the summons and complaint, may be deemed fatal to the jurisdiction of the trial court, but the defendant, who now appears generally, has cured such jurisdictional defect" and held that the trial court did not err in refusing to vacate the decree. And in Union Bond & Mortgage Co. v. Brown, 64 S.D. 600, at page 611, 269 N.W. 474, at page 479, 107 A.L.R. 1089, in treating of the effect of a general appearance in a similar instance, this court by way of obiter wrote:

> "On the other hand, if, in attempting to present that objection to the court, appellant failed properly to limit his appearance and in fact appeared generally, then such general appearance would relate back and supply the place of the defective service and the personal judgment would be good and would not be subject to vacation for lack of jurisdiction. (Citing Henry v. Henry.)"

In arguing that we should not follow the holdings of other jurisdictions from which we have quoted supra, counsel points to Henry v. Henry and Union Bond & Mortgage Co. v. Brown and advocates that we should employ the doctrine of relation to avoid the elapse of the statute of limitations. We are told that because the summons and complaint actually came into the hands of defendant before the statute had run, justice will be served if we relate defendant's appearance back and require him to defend on the merits.

Whether in like circumstances we would adhere to the holding of Henry v. Henry we need not now determine. Our present inquiry is whether the circumstances at hand warrant application of the doctrine of relation.

In Windey v. North Star Farmers Mutual Ins. Co., 231 Minn. 279, 43 N.W.2d 99, at page 102, it is written:

> "The doctrine of relation back is simply a fiction of the law by which an act done or a right arising is deemed to have been done or to have accrued at an antecedent time in order to preserve rights as of the earlier date, or otherwise to avoid injustice."

No fact appears of record which, in our opinion, invokes the doctrine. The course followed by plaintiff in attempting to make service on defendant was of his counsel's choosing and the result thereof was known sufficiently before the bar of the statute of limitations was raised to have made possible a proper and valid commencement of the action, either by personal service. or by the

equivalent of such service provided by SDC 1960 Supp. 33.0202. No word or act of defendant misled plaintiff. That defendant intended to waive service of process as of the date of his general appearance is manifest. Surely it would be unrealistic to hold that by the very act of appearing for the purpose of pleading the statute of limitations in the manner provided by SDC 1960 Supp. 33.0201 the defendant intended such a waiver as would be destructive of that defense. We are unable to avoid the conclusion that to employ either the doctrine of relation or of waiver in these circumstances would be to use it as an excuse, rather than a just reason, for depriving defendant of a meritorious defense which has been acquired in accordance with law. This we do not feel at liberty to do.

Our conclusion is in keeping with Carroll v. Fowler, 33 S.D. 303, 145 N.W. 545, and McHarg v. Commonwealth Finance Corporation, 44 S.D. 144, 182 N.W. 705.

The order of the trial court is affirmed.

RENTTO and BIEGELMEIER, JJ., concur.

ROBERTS, P.J., and HANSON, J., concur in result.