UHLICH, et ux., Respondents v. HILTON MOBILE HOMES, a corporation, Appellant

(126 N.W.2d 813)

(File No. 10056. Opinion filed March 13, 1964)

Rehearing denied April 10, 1964.

**Stephens, Riter & Mayer** and **Robert D. Hofer,** Pierre, **Hunt & Degnan,** Guttenberg, Iowa, for Defendant and Appellant.

**Martens, Goldsmith, May & Porter,** Pierre, for Plaintiffs and Respondents.

BIEGELMEIER, P. J. This appeal concerns the validity of jurisdiction obtained by service of a summons on the Secretary of State as agent for defendant, without a written appointment provided by South Dakota statutes for foreign corporations.

 There are two parts to the question whether a foreign corporation can be held subject to suit within a state. The first, a question of state law, is: Has the state provided for bringing a foreign corporation into its courts under the circumstances presented? If so, the second question may arise. Does such attempt violate the due process clause or the interstate commerce clause of the Constitution of the United States?

Turning our attention to the first question, plaintiffs contend defendant Iowa Corporation transacted business in this state and thus is deemed to have assented to service of process here made under Clay v. Kent Oil Co., 72 S.D. 629, 38 N.W.2d 258.

SDC 11.2002 states no foreign corporation "shall transact business" in this state until it has filed a certified copy of its charter in the office of the Secretary of State. SDC 11.2003 also requires such a corporation to make and file a statement:

"[6] That it constitutes and appoints the Secretary of State its true and lawful agent upon whom the summons, notices, pleadings, or process in any action or proceeding against it may be served in respect to any liability arising out of any business, contract, or transaction in this state * * *."

It appears plaintiffs resided in Ft. Pierre, South Dakota, and sometime in October 1961 they purchased a Hilton trailer from a dealer, Airport Road Trailer Sales, in Bismarck, North Dakota. This transaction took place between the dealer and plaintiff, Art Uhlich. This dealer and others hereafter mentioned are not either agents or franchised dealers of defendant, but independent business people who sell Hilton and other trailers. The North Dakota dealer ordered the trailer from defendant by phone and at Uhlich's request directed the trailer to be delivered to it at Ft. Pierre. About October 31, 1961, defendant filled the order by delivering it to an independent trucker, who transported it to Ft. Pierre, at which place he turned it over to an agent of

Airport Road Trailer Sales. The title was transferred to, and the trailer was later paid for by, Airport Sales, which transferred it to plaintiffs. Plaintiffs first complained to Airport Sales of some missing bunk beds after which these were put in by a serviceman. The serviceman was a former employee of defendant, but was not in its employ at the time these and other services here mentioned were performed. He was a resident of Iowa and in business for himself, but did service and repair for Hilton trailers when directed by defendant. Other complaints were made to Airport Sales; apparently these brought no action so plaintiffs wrote defendant about them. Defendant answered by letter it would send the serviceman with material to remedy their complaints. At the direction of the defendant, the serviceman made two trips to Ft. Pierre, and after telephoning defendant, made some repairs to the trailer. At these times he put in a counter in a different trailer Hilton had sold to a Ft. Pierre dealer and serviced another trailer nearby. On one of these occasions he used a truck owned by defendant. It further appears defendant has built 1800 trailers in 4½ years; that of 25 Hilton trailers hauled by one trucker from April to October 1960, 8, 10 or 12 of these were to South Dakota dealers. Defendant's sales manager visits South Dakota once or twice a year and calls on dealers who sell or have inquired about selling Hilton trailers. Dealers in at least three cities in South Dakota sell these trailers and over a period of four years three or four others have done so. As stated, these dealers are independent and not exclusive or franchise dealers. Defendant furnished them with brochures and sales material.

Improvements in transportation, travel and communication have worked a transformation of our national economy and with it techniques of merchandising, selling, and of doing business, so that today many commercial activities touch two or more states. See McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed. 223. With these developments, the tendency of legislatures and courts has been to expand jurisdiction over nonresident persons and foreign corporations. Examples are the statutes permitting service of summons on nonresident motorists using public highways, one act, one tort and other so-called "Long Arm" statutes. See SDC 1960 Supp. 33.0809,

as amended by Ch. 226, 1963 Session Laws; Ch. 27, 1961 Session Laws, amending SDC 11.2108 and 28 Mo.L.Rev. 352; Huck v. St. P. M. & O. Ry. Co., 4 Wis.2d 132, 90 N.W.2d 154 and Hill v. Electronics, 253 Iowa 581, 113 N.W.2d 313. This trend, however widespread it may be, weakens state sovereignty much in the same way encroaching federal power does, for the states in which these defendants reside are less able to protect their interests. The plaintiff of today may be the defendant of tomorrow in the other state and a judgment unassailable on jurisdictional grounds may then be enforced against him in his own state. 28 Mo.L.Rev. at p. 337. Caution therefore and judicial restraint must be the guide for courts in this field.

 Defendant's business is manufacturing and selling trailers; in advertising its product, encouraging its sales, shipping them in considerable numbers into this state, sending its sales manager into the state to enlist and retain dealers to sell the trailers and directing the repair of them at its expense were all acts done in this state in furtherance of this goal. By Exhibit 1, it appears title to the trailer remained in defendant "until the full price thereof shall have been paid in cash at Guttenberg, Iowa." Payment was not made until Nov. 12, 1960 so the transfer of title from defendant to the dealer of the trailer involved in this action took place in South Dakota. These facts were sufficient to conclude defendant was transacting business here. Christierson v. Hendrie & Bolthoff Mfg. & Supply Co., 26 S.D. 519, 128 N.W. 603; Brewster v. F. C. Russell Co., 78 S.D. 129, 99 N.W.2d 42, and the pamphlet "What Constitutes Doing Business" by The Corporation Trust Co. That being so it is deemed to have appointed the Secretary of State as agent for service of process.

This precisely was the holding of the court in Clay v. Kent Oil Co., 72 S.D. 629, 38 N.W.2d 258, where it wrote:

> "If appellant (foreign corporation) had complied with the requirements of SDC 11.20 it was bound to have named the Secretary of State and none other as its agent upon whom process was to be served * * * (and) was required also to agree that service of summons upon the Secretary of State should ·be accepted irrevocably as a valid service upon it * * * we think it proper

"to hold that if a foreign corporation fails to comply with the laws of this state, but it still engaged in business therein, and permitted to carry on such business, it must transact its business here subject to the laws of the state, and its assent to service upon the Secretary of State is implied."

Cf. Yoder v. Nu-Enamel Corporation, 8 Cir., 117 F.2d 488 construing a Nebraska statute.

■ We turn now to the second question, if jurisdiction is approved, does that conclusion violate the due process clause of the 14th amendment of the Constitution of the United States? That is a federal question, (Pulson v. American Rolling Mill Co., 1 Cir., 1948, 170 F.2d 193; Arrowsmith v. United Press Int'l., 2 Cir., 1963, 320 F.2d 219) and must be decided in accord with decisions of the United States Supreme Court. See Oskey Bros. Petroleum Corp. v. Gorder, 79 S.D. 168, 109 N.W.2d 893, as to interstate commerce; Nerlund v. Schiavone, 250 Minn. 160, 84 N.W.2d 61 and Belk v. Belk, 250 N.C. 99, 108 S.E.2d 131, 72 A.L.R.2d 1203 as to due process.

■ Brewster v. F. C. Russell Co., supra, presented the question of jurisdiction over a foreign corporation based on personal service of a summons in this state on its managing agent as permitted by Supreme Court Rule 87 of 1939—SDC 1960 Supp. 33.0807(2). There was reviewed the history and development of jurisdiction from Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 in 1878 including the various tests of "Consent", "Presence" and "Doing Business" as bases thereof down to the recent opinions of the courts of the United States. The 1945 decision, International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 announced a standard governing the state's exercise of personal jurisdiction over a foreign corporation—that it have contacts or ties with the forum state making it reasonable and just according to traditional notions of fair play and substantial justice to permit the state to enforce obligations there incurred. It wrote:

"But to the extent that a corporation exercises the privilege of conducting activities within a state, it en-

joys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue."

Applying International standards, the activities of defendant Hilton were neither irregular nor casual. It can hardly be said an "estimate of the inconveniences" which would result to the corporation from a trial away from its "home" or principal place of business would overbalance the contrary result of a trial away from plaintiff's residence. There the trailer was sent, delivered, title passed from it. There the witnesses as to its present condition reside and the claimed breach of warranty, if any, occurred. These involve the location of some of the activities giving rise to the cause of action. See 12 Kan.L.Rev. 49, at p. 59 and the general review of the topic in 28 Mo.L.Rev. 336.

Nor does jurisdiction obtained under the statute and here sustained violate the commerce clause of the United States Constitution. Sioux Remedy Co. v. Cope, 235 U.S. 197, 35 S.Ct. 57, 59 L.Ed. 193, considered the validity of that part of Sec. 883 of the Revised Civil Code of 1903, now deleted, which prohibited a noncomplying foreign corporation transacting business in this state from suing or maintaining any action in the courts of this state. The Supreme Court held that clause imposed an unreasonable burden on interstate commerce with regard to a sale of goods made by a foreign corporation to a South Dakota resident and shipped through interstate commerce. The court held the sale was lawful and the state could not withhold the right to sue for a lawful debt. Cf. Union Brokerage Co. v. Jensen, 322 U.S. 202, 64 S.Ct. 967, 88 L.Ed. 1227, 152 A.L.R. 1072. There is a difference in the right to subject a foreign corporation to the jurisdiction of the courts of a state by service of process from the power of a state to impose conditions, restrictions or regulations on the corporation's activities in the state. Dakota Photo Engraving Co., v. Woodland, 59 S.D. 523, 241 N.W. 510; Brewster v. F. C. Russell Co., supra and 23 Am.Jur., Foreign Corporations,

§ 362 and § 381. See also International Harvester Co. of America v. Commonwealth of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479 and Davis v. Farmers Cooperative Equity Co., 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996. The latter opinion expressly excepted a suit, where the transaction out of which it arose was entered upon within the state or "if the plaintiff was, when it arose, a resident of the state." Subjecting defendant to service of process does not unreasonably burden interstate commerce. Under the facts here present we conclude the trial court ruled correctly on the motion to dismiss for lack of jurisdiction.

After overruling the special appearance defendant made a motion to relieve it of the default and serve an answer. SDC 1960 Supp. 33.0108 permits the court, in its discretion, to allow an answer to be made and relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect. The record shows the Secretary of State admitted service of two copies of the summons and complaint on March 22, 1962, as true and lawful agent of defendant corporation. On March 29, 1962, a Special Appearance dated March 27th, attacking the jurisdiction of the circuit court, was filed with that officer; it was executed in the name of defendant by its secretary who was an attorney and member of an Iowa law firm. No copy was sent to plaintiff's attorneys and it does not appear they knew of it. An affidavit of default dated April 25, 1962 stating defendant was personally served with the summons and complaint on March 22, 1962, and had failed to answer or appear in any way, was filed. After hearing evidence the trial court entered a judgment on April 26th for $4,998 actual and $3,000 punitive damages. It was based on the admission of service by the Secretary of State. Defendant's Iowa counsel not versed with South Dakota law, mistakenly filed the special appearance with the Secretary of State rather than serving it on plaintiff's counsel and filing it with the clerk of courts. This is similar to the situation in Fisk v. Hicks, 29 S.D. 399, 137 N.W. 424, where Illinois counsel employed by defendant filed the answer with the clerk of the court wherein the action was pending rather than serving it on plaintiff's attorney. There, as here, counsel contended defendant was at fault in not at once employing a local attorney familiar with the practice in this state, to protect his

interests. The court said this was without merit, that our law permitted nonresident attorneys to·appear as counsel for litigants when associated with local counsel. It wrote: "We fail to see any sound reason for giving a more prejudicial effect to the mistakes of such counsel, or for holding that a nonresident litigant should be penalized for employing an attorney of his own state to safeguard his rights in this state."

■ The power conferred upon courts to relieve parties from judgments taken against them by reason of their mistakes should be exercised by them in the same liberal spirit in which the statute was designed, in furtherance of justice and in order that cases may be tried and disposed of on the merits. Fisk v. Hicks, supra; Gunvordahl v. Knight, 73 S.D. 638, 47 N.W.2d 561.

■ An examination of the record justifies these conclusions: Defendant and its counsel acted in good faith; there is a substantial controversy between the parties and defendant should be given an opportunity to defend. Smalley v. Lasell, 26 S.D. 239, 128 N.W. 141. Without determining that it will arise at the trial on the present or amended pleadings there is some doubt the undisputed evidence would sustain the present judgment and this is some factor in the result reached permitting a trial on the merits. We conclude it was an abuse of discretion not to relieve defendant of its default and permit it to answer.

Another facet of the procedure to obtain service of process on, and jurisdiction of, foreign corporations and proof thereof sufficient to authorize the court to enter judgment is presented by the record. It is deemed advisable to consider the modus operandi thereof.

Subsection (1) of SDC 11.2003 mentioned earlier requires a "duly sworn" statement to be filed which must set forth the name of the corporation and the location of its principal place of business. SDC 11.2108 designates the method of service by requiring two copies of the process be delivered to the secretary—

> "one to be filed in his office and the other to be forwarded by mail forthwith, postage prepaid, and directed to such corporation at its principal place of business in

the United States as shown by the **last sworn statement on file** in his office \* \* \*." (Emphasis supplied)

Not having filed such statement there was no place of business or address to guide the Secretary of State to complete the service. The summons, complaint, admission of service and all papers up to the entry of judgment give no hint of a place of business or post office address of defendant or even the state of its incorporation. The only allegation is plaintiff's claim they purchased the trailer in North Dakota and it is conceded defendant is not a North Dakota corporation. In Wuchter v. Pizzutti, 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446, 57 A.L.R. 1230, the New Jersey statute declared a person by operating a motor vehicle on the public highway appointed the Secretary of State agent for service of process, but did not require that officer to give notice thereof to defendant. As to individuals the court said such statutes should require the summons to show the post office address or residence of defendant and impose the duty on plaintiff or the officer to notify defendant of the pending action. After referring to some distinction between natural persons and corporations, (a difference also noted in Washington ex rel. Bond & Goodwin & Tucker, Inc. v. Superior Court, 289 U.S. 361, 53 S.Ct. 624, 77 L.Ed. 1256, 89 A.L.R. 653) the court wrote:

"Even in cases of nonresident corporations, it has been held that a statute directing service upon them by leaving process with a state officer is void if it contains no provision requiring the official \* \* \* to give the foreign corporations notice that suit has been brought and citation served."

The question here is not service of process on an officer appointed by the written statement of the corporation in compliance with SDC 11.2003 or the proof necessary in the event service is made under such express appointment. Failure to comply with the statute does not resemble a real consent or contractual relationship (National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354, decided Jan. 6, 1964) and in determining those brought within its reach because of statutory compulsion, no less assurance of notice of the pending action must result. It follows there is no presumption the Secretary of State

complied with the statute by mailing the copy forthwith nor was there any proof to the trial court on the default judgment hearing that it was mailed. At the hearing on the motion to set aside the default judgment, no affidavit of the Secretary of State was proffered showing that one of the copies of the summons and complaint served on her was mailed as required by the statute, even though an affidavit by that officer showing receipt of the special appearance was filed. That evidence or proof by her was, therefore, available and could have been presented. Davis v. Kressly, 78 S.D. 637, 107 N.W.2d 5. Executing and filing the special appearance evidenced the fact defendant received notice of the pending action on March 27, 1962, the date it bears. See authorities cited in Dyksterhouse v. Parrot, 78 S.D. 538, 105 N.W.2d 205, 82 A.L.R.2d 1196. On this record, therefore, defendant had 30 days in which to answer excluding that day and was not in default until April 27th. Indications of the solicitude shown nonresidents appears in SDC 1960 Supp. 33.0809 permitting an additional 90 days to defend when defendant is a nonresident motorist and the provision for security in SDC 1960 Supp. 33.1707(6).

■ However, foreign corporations failing to comply with our statutes by failing to appoint the Secretary of State and stating its principal place of business, should not be able to evade jurisdiction imposed on those that do comply. Foster v. Charles Betcher Lumber Co., 5 S.D. 57, 58 N.W. 9, 23 L.R.A. 490, 49 Am.St.Rep. 859; 23 Am.Jur., Foreign Corporations, § 499. Due process requires procedures reasonably designed to give notice to a defendant and apprise it of the pendency of the action. Wuchter v. Pizzutti, supra. SDC 1960 Supp. 33.0809 conferring jurisdiction over nonresident motorists using the highways provides for service on the Secretary of State with subsequent service on the nonresident either personally without the state or by registered mail "at the defendant's last known post office address." Proof of such service must be attached to the oiginal process and "must include a showing by affidavit that the address to which the copies were mailed was in fact the last known post office address of the defendant * * *." Similarly, to assure due process, the service on the Secretary of State for a noncomplying corporation should include furnishing and filing

an affidavit giving the last known address of the defendant so that officer may complete the service by mailing the copy and filing a duplicate or certified copy thereof with the trial court. These are parts of the "proof of service of the summons" mentioned in SDC 1960 Supp. 33.1707(3). This affidavit gives the information to the Secretary to permit that officer to complete the service of process, in lieu of the sworn statement required in SDC 11.2003. Lack of this proof of service did not justify the entry of the default judgment on April 26th.

The order denying the motion to vacate the judgment for lack of jurisdiction is affirmed; the order denying the application to vacate the judgment, relieve defendant from default and to serve and file an answer is reversed.

ROBERTS, RENTTO and HOMEYER, JJ., concur.

HANSON, J., dissents.

HANSON, J. (dissenting). I agree with the majority opinion that defendant corporation had sufficient contacts in South Dakota to be deemed doing business here thereby impliedly appointing the Secretary of State as its agent for service of process. Clay v. Kent Oil Co., 72 S.D. 629, 38 N.W.2d 258. However, the record shows the judgment against defendant rests solely on the Secretary of State's admission of service. There is no credible showing the Secretary of State mailed a copy of the summons to defendant in compliance with SDC 11.2108 or that defendant was served with process of any kind. Therefore, in my opinion, no jurisdiction over defendant was acquired. No significance should attach or presumption arise from defendant's special appearance challenging jurisdiction.

I would reverse.